JOEL REED *vs.* ARCHIBALD REED and Louis H. Bickford, trustee, and Daniel Johnson, claimant.

Lincoln. Opinion February 5, 1880.

*Bill of sale. Title. Trustee. Exceptions.*

The title of property remaining in the possession of the vendor will not pass by bill of sale to the vendee as against an attaching creditor, when there is no delivery, actual, constructive or symbolical.

The unauthorized recording of a bill of sale is not notice.

The decision of a justice presiding, to whom a cause is referred, is final as to the facts.

It is final as to the law, unless the right of exceptions is specially reserved.

To sustain exceptions it must affirmatively appear that the rulings to which exceptions are taken are erroneous.

On exceptions, by the claimant to the rulings of the court charging the trustee.

The controversy was between the plaintiff and claimant (R. S., c. 86, § 32,) and was submitted to the presiding justice without the intervention of a jury, the principal defendant having no apparent interest. The disclosure of the trustee shows that he was owing $89.90 for hay which he bought of the principal defendant; that neither at the time of bargaining for the hay, nor at the time of its delivery, did he (defendant) disclose to the trustee that he was acting in the sale for any one else, or as agent of another ; that after the writ was served upon the trustee, both the principal defendant and claimant notified him that part of the hay sold belonged to said Johnson.

Johnson claimed under a bill of sale, absolute in form, from the principal defendant to him, dated July 31, 1877, and recorded in the town clerk's office, August 1, 1877. The writ is dated November 7, 1877, and was served upon the trustee November 8, 1877.

Other facts in the opinion.

*J. W. Spaulding & F. J. Buker*, for the plaintiff.

*G. B. Sawyer*, for the claimant, cited *Dalton* v. *Dalton*, 48 Maine, 42. 1 Greenl. Ev. § 275. *Harper* v. *Ross*, 10 Allen, 332. *Bassett* v. *Percival*, 5 Id. 345. Addison Cont. §§ 568, 569, 570, 558, 559, 1059. *Merry* v. *Lynch*, 68 Maine, 94. *Holbrook* v. *Baker*, 5 Id. 309. *Ludwig* v. *Fuller*, 17 Id. 162. *Haskell* v. *Greeley*, 3 Id. 425.

Appleton, C. J. The trustee, in his answer, states that he bought a quantity of hay of the defendant, for which he is still owing, and that neither at the time of its purchase, nor when it was delivered and removed, was he advised that any one had any title to the same except the defendant.

Daniel Johnson intervenes, claiming the hay as his by virtue of

a bill of sale, dated July 31, 1877, which was recorded the next day. This was before the service of the plaintiff's writ on the trustee, November 8, 1877.

When the bill of sale was given, it was before the defendant had finished haying. There was no weighing of the hay then, nor at any subsequent time, nor was there any delivery of the same. The bill of sale purported to be of twelve tons, a part of which the defendant sold the trustee, and the remainder he fed out to his own cattle. No money was paid for the hay. No credit was ever given the defendant on the books of the claimant, nor was any amount indorsed on the notes which the latter held against the former.

There was no actual, constructive nor symbolical delivery of the hay to Johnson, the claimant. The recording of the deed or bill of sale, does not amount to notice. The law is well settled that without delivery the title does not pass as against an attaching creditor. *McKee* v. *Garcelon,* 60 Maine, 165. *Burge* v. *Cone,* 6 Allen, 412.

To avoid the effect of a want of delivery of the hay the claimant offered testimony to show that the plaintiff had notice of his title, thus, as he contends, bringing his case within the decision in *Ludwig* v. *Fuller,* 17 Maine, 162. It was there held, that the want of delivery furnishes no defense to an attaching officer, if the creditor had notice of such sale before the attachment.

The plaintiff admits that he was informed that Johnson had the hay; that is, he contends, that Reed was hauling the hay to him, but nothing was said that he had a bill of sale of the same, or that he owned it.

The case finds that the issue between the plaintiff and claimant was "submitted to the court without the intervention of a jury," and that there was no reservation of any right to except to the rulings of the presiding justice, who determined that the claimant was not entitled to the funds in the trustee's hands and accordingly charged him in accordance with his disclosure for $89.98. His conclusion is final both as to law and fact.

. No exceptions lie to the rulings of the presiding justice in matters of law when an action is submitted to him, unless there is an

express reservation of the right to except. R. S., 1871, c. 77, § 19. *Roxbury* v. *Huston*, 39 Maine, 312. *Dunn* v. *Hutchinson*, 39 Maine, 367. *Mason* v. *Currier*, 43 Maine, 355. His conclusion as to the matters of fact in issue is equally final and binding on the parties. *Curtis* v. *Downs*, 56 Maine, 24. *Randall* v. *Kehlor*, 60 Maine, 37. *Kneeland* v. *Webb*, 68 Maine, 540.

The same rule applies when questions of law and fact arise on the allegations filed by a claimant in a trustee disclosure. By R. S., c. 86, § 30, "any question of fact, arising upon such additional allegation, may, by consent, be decided by the court, or submitted to a jury in such manner as the court directs." Here the case was submitted to the court. No right to except is reserved. The case is not on report or exceptions. The determination of the presiding judge is final as to law and fact.

It is apparent that the presiding justice must have either found that no notice was given the plaintiff of the sale to the defendant or that the same was collusive and fraudulent. Either finding would defeat the claimant's title. He saw and heard the witnesses and could best determine the credit to be given to each, and his conclusion was that the trustee should be charged.

To sustain exceptions, it must affirmatively appear that the rulings to which exceptions have been taken are erroneous. The claimant has failed to show any error whatever on the part of the justice presiding.

*Exceptions overruled.*
*Trustee charged for* $89.98.

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.
LIBBEY, J., concurred in result.