NATHANIEL D. WILLIAMS *vs.* DANIEL A. NICHOLS.

Essex.   Nov. 8, 1876. — Jan. 6, 1877.   COLT, DEVENS & LORD, JJ., absent.

The recording of a bill of parcels of chattels taken as security for a debt, but without any delivery of the chattels to, and retention by, the creditor, does not constitute it a mortgage under the Gen. Sts. *c.* 151, § 1, or enable the creditor to maintain an action of replevin for the goods against the assignee in bankruptcy of the debtor.

REPLEVIN of certain articles of personal property. Trial in the Superior Court, before *Gardner*, J., without a jury, who found for the plaintiff, and allowed a bill of exceptions, the substance of which appears in the opinion.

*C. Sewall*, for the defendant.

*S. B. Ives, Jr.*, for the plaintiff.

MORTON, J. It appears by the findings of the justice, who presided at the trial in the Superior Court, that, in January, 1873, Shaw & Bruce owed the plaintiff $604, and then gave him a bill of certain goods, intending it as security for the debt. This is erroneously called in the bill of exceptions a bill of sale. It is in fact a common bill of parcels. The goods were not delivered to the plaintiff, and never came into his possession. Shaw & Bruce went into bankruptcy on January 6, 1874, and the defendant was appointed their assignee, and took possession of the property. The bill of parcels was recorded in the office of the city clerk of Salem on December 26, 1873. The presiding judge

found that the bill of parcels was in effect a mortgage, and ordered judgment for the plaintiff.

We are of opinion that upon the facts found the plaintiff cannot maintain his action. The statute provides that mortgages of personal property shall be recorded on the records of the city or town where the mortgagor resides, and on the records of the city or town in which he principally transacts his business; and that, " unless a mortgage is so recorded, or the property mortgaged is delivered to and retained by the mortgagee, it shall not be valid against any person other than the parties thereto." Gen. Sts. c. 151, § 1. Without discussing the question how far and for what purposes a mortgage of personal property may be proved by parol testimony, it is decisive of this case that an oral mortgage, if one is attempted to be made, is in its nature such that it cannot be recorded under the statute.

The plaintiff has not recorded a mortgage in this case. Recording a bill of parcels does not make it a mortgage, nor answer the requirements of the statute. It is doubtful if the transaction in this case can be held to amount to anything more than a pledge, or an attempt to pledge. *Walker* v. *Staples*, 5 Allen, 34. But, if the plaintiff can be regarded as a mortgagee, the property mortgaged has not been delivered to and retained by him, and his mortgage has not been recorded. It is therefore, under the statute, invalid against any person other than the parties thereto.                                    *Exceptions sustained.*