SOUTH BOSTON RAILROAD COMPANY *vs.* MIDDLESEX RAILROAD COMPANY.

Suffolk. Nov. 22, 1876. — Jan. 8, 1877. AMES & ENDICOTT, JJ., absent.

Under the St. of 1874, *c.* 29, § 11, which provides that the board of aldermen or a city and the selectmen of a town may authorize any street railway corporation "whose charter has been duly accepted, and whose tracks have been located and constructed, to extend the location of its tracks within the territorial limits of such city or town, whenever it can be done without entering upon or using the tracks of

any other street railway corporation," a street railway corporation may be author ized to locate additional tracks, not connected with its existing tracks, except by the tracks of another corporation.

BILL IN EQUITY to restrain the defendant from laying its tracks in Lincoln Street, and from connecting with and using the plaintiff's tracks in Beach Street in the city of Boston. Hearing before *Devens*, J., who reported the case for the consideration of the full court, in substance as follows:

The plaintiff is a street railway company, owning and operating a railway extending from South Boston to the city proper. The defendant is a similar corporation, whose railway extends from the city proper to Charlestown and Somerville.

On June 26, 1876, the board of aldermen of the city of Boston granted to the defendant a location, in addition to those which it already had, commencing at a point on the Metropolitan Railroad on Summer Street, opposite Lincoln Street, thence through Lincoln Street to Beach Street, there to connect with the plaintiff's tracks on Beach Street. The board of aldermen also granted the defendant the right to use the tracks of the Metropolitan Railroad Company on Summer Street, between Washington Street and Lincoln Street, and on Washington Street between Beach Street and Boylston Street, and the tracks of the plaintiff on Beach Street. The defendant already had and was in the exercise of the right to use the tracks of the Metropolitan Railroad on Washington Street, Boylston Street, Temple Place, Tremont Street and Cornhill, but had no track of its own south of Scollay's Square, and could only enter upon the track located in Lincoln Street, as above, by going over the track of the Metropolitan Railroad Company. The Metropolitan Railroad Company made no objection to the use by the defendant of the portions of its tracks, the use of which was granted by the order of June 26, 1876.

The defendant duly accepted the location granted by this order, and agreed, in writing, to comply with the terms thereof within the time limited therein, and intends to use the same, and to enter upon and use the tracks of the plaintiff on Beach Street, as authorized by the order.

The questions raised were, 1st, whether the order of the board of aldermen was within the scope of their authority, and con

ferred upon the defendant the rights claimed by it; and 2d, whether the plaintiff is entitled to any, and if any, to what, relief.

*G. O. Shattuck*, (*B. Dean* with him,) for the plaintiff. 1. The proposed track in Lincoln Street is not authorized, because it is not an extension of the existing location of the defendant's track, but is a new location without connection with any previous one. The word " extend," as an intransitive verb, may apply to a wholly new track, and means to reach, &c., and we may say of the track proposed that it extends from Summer Street to Beach Street. But when used as a transitive verb, as it is in this case, it means "to continue," &c., and cannot authorize a disconnected track. By the St. of 1874, *c.* 29, § 1, a corporation is to be formed only for the purpose of constructing " a street railway," not several railways. By § 2, the articles of association shall set forth " the termini of the railway proposed to be built; its length, as near as may be, and the name of each city, town and county through or into which it will extend." This plainly refers to one continuous railway, which may be extended as the wants of the community require; but the location of a separate track in another locality was clearly not contemplated. The location of the tracks of any railroad corporation may be extended by § 11; but, by § 12, only corporations operating two consecutive miles of track (excluding turnouts and counting a double track as single) can enter upon and use the tracks of another corporation. This tends to show that the entry upon and use of tracks is for the convenience of a business already established, and not to develop a new business or to take away the business of the corporation whose track is entered upon. It is clear that this location could not be granted to a corporation having a road less than two miles in length, as it could not reach the new location by entering upon the track of the Metropolitan or South Boston companies. But, as the extension provided for in § 11 is for " any street railway," it follows that such a location as this was not contemplated in that section.

2. The extension can only be granted " whenever it can be done without entering upon or using the tracks of any other street railway corporation." This language is not accurate, for it is obvious that a location may be extended anywhere without

entering upon or using the tracks of another corporation. The meaning must be that the extension cannot be granted when its use will require an entry upon or use of the tracks of another corporation. This prohibits a location upon the track of another corporation, and also a location under such circumstances as to require the use of the track of another corporation. If, by doing any violence to language, the location in this case could be held to be an extension, it would be prohibited by the limiting clause.

*W. G. Russell & G. Putnam, Jr.*, for the defendant.

MORTON, J. The plaintiff's bill can be maintained only upon the ground that the order of the board of aldermen passed June 26, 1876, is invalid.

Previously to this order, the defendant, the Middlesex Railroad Company, a corporation owning and operating more than two consecutive miles of track, had been authorized to enter upon and use the tracks of the Metropolitan Railroad Company in Washington Street as far as its junction with Boylston Street. The order contains two parts : one authorizing the Middlesex Railroad Company to enter upon and use the track of the Metropolitan Railroad in Summer Street, as far as Lincoln Street, and also to enter upon and use the track of the South Boston Railroad Company on Beach Street, between Lincoln and Washington streets, and the track of the Metropolitan Railroad on Washington Street, between Beach and Boylston streets ; the other granting to the Middlesex Railroad Company the right to locate and lay down tracks in Lincoln Street. The manifest purpose of the order was to establish a circuit or route by which the Middlesex Railroad Company could convey its passengers to and from the passenger station of the Boston and Albany Railroad.

The plaintiff contends that the board of aldermen had no power to authorize the defendant to locate and lay its tracks through Lincoln Street, because such location is not an extension of the existing location of the defendant's tracks, but is a new location, without connection with any previous one.

The authority of the board of aldermen is derived from the St. of 1874, c. 29. The eleventh section provides that " the board of aldermen of any city and the selectmen of any town may, from time to time, upon petition, authorize and empower

any street railway corporation, its lessees and assigns, whose charter has been duly accepted, and whose tracks have been located and constructed, to extend the location of its tracks within the territorial limits of such city or town, whenever it can be done without entering upon or using the tracks of any other street railway corporation, under such restrictions as they deem the interests of the public may require."

The twelfth section provides that "whenever the board of aldermen of any city, or the selectmen of any town, after due notice and hearing, shall decide that public necessity and convenience so require, they may authorize and empower any street railway corporation, its lessees and assigns, whose tracks have been duly located in such city or town, and who own and operate not less than two consecutive miles of track, to enter upon and use with its horses and cars, within defined limits, the tracks of any other street railway corporation therein, which it may meet or cross, subject to the provisions of law relating to such entry and use."

The word "extend" may, in its primary sense, when applied to a railroad track or other line, import a continuation of the line without a break. But we do not think that in this statute the Legislature intended to use it in this restricted sense. The object of the statute was to delegate to the local authorities of the cities and towns the powers of authorizing and controlling the location of street railways within their limits, and to obviate the necessity of an appeal to the Legislature whenever it is desired to establish a new street railway, or an existing company desires to locate additional tracks. The power to authorize a railway "to extend the location of its tracks," may be held, without any violence of construction, to include the location of an additional track, not connected with the existing tracks except by the tracks of another railway corporation. This construction is in harmony with the general spirit and purpose of the statute.

It is urged against this construction, that the eleventh section limits the right "to extend the location of its tracks" to cases where "it can be done without entering upon or using the tracks of any other street railway corporation." The object of this limitation is to prevent the confusion of rights and powers which

might follow, if two independent corporations had locations over the same ground. It applies only in a case where the location cannot be made without entering upon and using the track of another corporation. It certainly cannot apply where, as in the case at bar, the location is in another street. The fact that the located track cannot be profitably used unless authority is obtained, under the twelfth section, to enter upon and use the track of another corporation, does not bring the case within the letter or spirit of the limitation.

We are of opinion, therefore, that the board of aldermen had power to authorize the defendant to locate a track in Lincoln Street, and to enter upon the tracks of other corporations, as. provided in their order. *Bill dismissed.*