MARIA S. DANIELS & others *vs.* COMMONWEALTH AVENUE STREET RAILWAY COMPANY.

Suffolk.     January 16, 17, 1900. — March 3, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Jurisdiction.— Revision of Rulings of Railroad Commissioners — Extension of Street Railway Location.*

*It seems*, that a bill in equity under St. 1898, c. 578, § 25, may be maintained to the extent of revising the rulings of the board of railroad commissioners.

An extension of the location of the tracks of a street railway company, approved by the board of railroad commissioners, will not be declared void upon a bill in equity filed under St. 1898, c. 578, §§ 13, 15, for the reason that it is granted over the tracks of another street railway company continuous with the first, the use of which by the defendant is permitted under a contract with the other company, approved by the railroad commissioners, and sanctioned, but not expressly authorized under the Pub. Sts. c. 113, § 48, by the board of aldermen of the city in which the tracks are located; nor for the reason that the location

granted is temporary only, and is to terminate upon the abolition of a crossing at grade of a railroad and a way over which it is intended that the defendant's track shall subsequently be laid.

BILL IN EQUITY, filed May 13, 1899, under the provisions of St. 1898, c. 578, §§ 13, 15, by Maria S. Daniels and nine others, being a majority in value, as determined by the last preceding assessment for taxation, of the owners of real estate abutting on Paul Street in Newton, seeking to have a location of the defendant's street railway on such street declared void, and to have the defendant enjoined from entering upon such location. The defendant demurred to the bill for want of equity, want of jurisdiction, want of interest by the plaintiffs in the subject matter of the bill, and for other causes. Hearing, before *Morton*, J., who sustained the demurrer and ordered the bill to be dismissed. The plaintiffs appealed to this court. The material facts appear in the opinion.

*W. C. Cogswell*, for the plaintiffs.

*C. A. Hight*, for the defendant.

HOLMES, C. J. The plaintiffs constitute a majority in value as determined by the last preceding assessment for taxation of those owning real estate abutting on a public way, Paul Street in Newton, in which a location of the defendant's street railway has been granted. They are also ten in number. Within fifteen days after the granting of the location they filed their written protest with the board of railroad commissioners, as they were authorized to do by St. 1898, c. 578, §§ 13, 15. At the hearing before the railroad commissioners, they asked rulings which raised the questions with which we shall deal, and which would have prevented the approval of the location. The railroad commissioners approved the location, and thereupon the plaintiffs brought this bill, as they say, under the authority of § 25 of the same act. We shall assume for the purposes of decision that, so far as jurisdiction is concerned, the bill may be maintained under § 25, to the extent of revising the rulings of the railroad commissioners, somewhat as a bill in equity may be maintained to revise the action of the insolvency courts, Pub. Sts. c. 157, § 15, and therefore we pass at once to the questions upon which the railroad commissioners are thought to have erred.

The location granted to the defendant purported to be an extension under § 15. As a fact, there intervened on Central Street, between the end of the old tracks and the beginning of the new, tracks of the Newton and Boston Street Railway Company, which the defendant used under a contract with the latter company. This contract was approved by the railroad commissioners, under St. 1888, c. 278, § 1, but had not been sanctioned by the board of aldermen under Pub. Sts. c. 113, § 48. It is objected that for want of that sanction the defendant was not using the intervening tracks lawfully, and that therefore the new location was not an extension and could not be granted. Assuming for the purposes of decision that the authority of the board of aldermen is necessary to the legality of the contract and has not been given by implication, and assuming also, without deciding, that there must be some sort of continuity with the existing location of the defendant's tracks, we are of opinion that the location does not fail on this ground. The new tracks are connected with the old by a continuous line all actually in use by the defendant. No one who has anything to say about it makes any objection to the use. On the contrary, so far as appears, they all approve of it, — both railroads, the board of aldermen and the railroad commissioners. " The power to authorize a railway ' to extend the location of its tracks,' may be held, without any violence of construction, to include the location of an additional track, not connected with the existing tracks except by the tracks of another railway corporation." *South Boston Railroad* v. *Middlesex Railroad,* 121 Mass. 485, 489. We may add that we do not conceive that the process of the statute was intended to enable citizens, having no other standing than as members of the public, although no doubt having a considerable practical interest, to rip up transactions satisfactory to all who have a voice in the matter by discovering some technical flaw in the records of past proceedings.

The other objection is that the location is expressly made temporary only, to terminate upon the abolition of a grade crossing of Centre Street over the tracks of the Boston and Albany Railroad. The reason for this is that the location through Paul Street is a *détour,* and that as soon as the cars can run straight along Centre Street without crossing the railroad track at grade

they no doubt will do so. But it is said that there is no power to grant a temporary location. We do not see why not, if the street railway company is satisfied. Ordinarily, it may be presumed, a railway company would not accept a location in those terms. If it is willing to do so, probably some necessity exists, such as notoriously has led to such grants in the case of the Boston Subway, and elsewhere, heretofore. If it is willing to do so, we do not perceive any reason, the statutes being silent, for holding the grant void, or even voidable on the protest of citizens to whom the temporary character of the grant is no injury.

In our opinion the bill discloses nothing of which the plaintiffs are entitled to complain. We have dealt with the requests for rulings so far as they present questions of substantive law in which members of the public have an interest, and so far as they have been argued. If an attempt were made to use §§ 13 and 25 as a means of hampering or delaying proceedings by unmeritorious technicalities, doubtless means would be found to prevent the abuse.                    *Bill dismissed.*