### JOHN F. BELLE v. GLENVILLE (CITY) ET AL.

1. PROPERTY RIGHTS OF STREET RAILROAD NOT TAKEN AWAY BY ANNEXATION OF NEW TERRITORY TO MUNICIPALITY.

The property rights of a street railroad operating under authority of a municipality to the extent that its lines are within the corporate limits, and under authority of the county commissioners to the extent that its lines are without the corporate limits, are not taken away by the mere annexation of the unincorporated territory to the municipality.

2. EXTENSION OF TRACK OF STREET RAILROAD NEED NOT BE BUILT AS NEW LINE, WHEN.

Where a street railroad was built through unincorporated territory under authority granted by the county commissioners, and such territory is thereafter annexed to a municipality, an extension of the line so built is not required to be made under the statutes regulating the construction of new lines of road; the company operating such road is within the meaning of Lan. R. L. 3770 (R. S. 2505; B. 1536-188), and an extension of its line may be made under favor of said statute.

3. EXTENSION OF STREET RAILROAD MAY INCLUDE CROSS TRACKS.

The "extension" of a street railroad is not necessarily confined to a continuation of the line of road in the same general direction as the original track, but may include the construction of a track across and at right angles with the original track.

4. OBJECTIONS TO USE OF ELECTRICITY FOR MOTIVE POWER NOT WELL TAKEN, WHEN.

Where a street railroad line has been operated for more than ten years by motive power other than that furnished by horses and mules, an objection to the operation of an extension of such line by electricity, based upon the ground that the original line was to be operated by motive power furnished by horses and mules, is not well taken.

**5. ORDINANCE REFERRING TO INCIDENTAL MATTERS DOES NOT CONTAIN MORE THAN ONE SUBJECT.**

An ordinance is not open to the objection that it contains more than one subject, within the inhibition of Lan. R. L. 3106 (R. S. 1694; B. 1536-620), because it refers to matters which are simply incidental to the real subject.

**6. APPROVAL OF PART OF REPEALED ORDINANCE MERE SURPLUSAGE, WHEN.**

The clause, "in all other respects said ordinance is approved and confirmed,' contained in an ordinance which repeals a part of a prior ordinance, does not make the repealing ordinance obnoxious, to Lan. R. L. 3106 (R. S. 1694; B. 1536-620) in that it is, in effect, the re-enactment of a part of a former ordinance, and therefore contains more than one subject; such clause is mere surplusage, and adds nothing to the former ordinance.

**7. LAN. R. L. 3765 (B. 1536-189) NOT APPLICABLE TO EXTENSION OF EXISTING STREET RAILROAD.**

Laning R. L. 3765 (B. 1536-189) has no application to the extension of the track of an existing line of road, such as is provided for in Lan. R. L. 3770 (R. S. 2505; B. 1536-188).

**8. EXTENSION OF STREET RAILROAD FRANCHISE NEED NOT BE ON DATE ORIGINAL EXPIRES.**

The date of the renewal of a grant to a street railroad company need not be on the exact day on which the original term expired. Laning R. L. 3767, 3764, (R. S. 2501, 2502; B. 1536-184, 1536-185) examined.

APPEAL by plaintiff.

**Arnold Green,** for plaintiff:

The provisions of Lan. R. L. 3106 (R. S. 1694) are mandatory and not directory. *Bloom* v. *Xenia (City),* 32 Ohio St. 461; *Campbell* v. *Cincinnati,* 49 Ohio St. 463 [31 N. E. Rep. 606]; *Elyria Gas & W. Co.* v. *Elyria,* 57 Ohio St. 374 [49 N. E. Rep. 335].

As a condition precedent to the power of the council of a municipal corporation, to authorize the extension of a street railway therein, there must be produced to the council the written consents of a majority of the property owners measured by the feet front abutting on the street, along which it is proposed to be constructed. *Roberts* v. *Easton,* 19 Ohio St. 78.

A street railway constructed and operated in a street without legal authority therefor, is a public nuisance. Booth, Street Railways Sec. 3.

A municipality's power to regulate and control the construction and operation of street railways therein is only obtained by statutes expressly conferring the power and then only under the limitations and conditions attached thereto. *Raynolds* v. *Cleveland,* 24 O. C. C. 215.

**C. M. White, C. A. Neff** and **Squires, Sanders & Dempsey,** for defendant.

**MARVIN, J.**

Suit is brought by the plaintiff to enjoin the city of Glenville and its officers and the Cleveland Electric Railway Company, which is a street

railroad corporation, from taking any steps toward the construction or operation of a street railroad in Doan street in said city.

Plaintiff is a taxpayer of said city and owns real estate therein, having a frontage on that part of said Doan street along which he alleges said railroad company is about to construct and operate a street railroad, and which it will construct and operate unless enjoined by the court.

Plaintiff, before bringing this suit, requested the solicitor of said city to bring the same, which he refused to do.

The railroad company claim the right to construct and operate such railroad as an extension of its St. Clair street railroad line, so-called, now operated by it in said city, by virtue of an ordinance passed by the council of said city on June 29, 1903. Said ordinance provides, among other things, as follows:

"An ordinance authorizing the Cleveland City Railway Company to extend the present system of double-track electric street railway now in operation upon St. Clair street, in the city of Glenville, from St. Clair street, southerly, to the southerly limits of the city of Glenville, and from St. Clair street, northerly, to the right of way of the Lake Shore & Michigan Southern Railway Company.

"Whereas, heretofore, on June 16, 1902, the council of the village of Glenville passed an ordinance, entitled 'An ordinance authorizing the Cleveland City Railway Company to extend its present system of double track electric street railway on St. Clair street, from the present terminus of its tracks to the easterly limits of the village of Glenville, and on Doan street from its tracks on St. Clair street south to the southerly limits of the village of Glenville, and to extend the present franchise of said company;' and,

"Whereas, said ordinance was duly accepted by the Cleveland City Railway Company, and it has begun the construction of its tracks and their appliances in pursuance of the terms of said ordinance; and,

"Whereas, litigation has been instituted by one of the property owners upon Doan street, attacking the validity of said ordinance, so far as it grants the right to an extension to said railway company on Doan street, which litigation is still pending, and by reason of which the construction of the line upon Doan street is being delayed; and,

"Whereas, the Cleveland City Railway Company has filed with the clerk of the city the written consents of more than one-half of the property owners upon that portion of Doan street, between the southerly line of the Lake Shore & Michigan Southern Railway Company's

right of way and the southerly limits of the city of Glenville, to the construction and operation of such street railroad thereon; and,

"Whereas, the city council of the city of Glenville hereby finds and determines that more than one-half of the property owners upon that portion of Doan street upon which an extension is authorized by this ordinance have given their written consent to the construction and operation of a street railroad thereon; now, therefore,

"Be it ordained by the council of the city of Glenville, three-fourths of all members of said council concurring:

"Section 1. That the Cleveland City Railway Company, upon the terms, conditions and agreements hereinafter contained and not otherwise, be, and the same is, authorized to extend, construct, maintain, and operate by electricity, its line of double track street railway in the city of Glenville, with the necessary poles, wires, switches and appurtenances, upon Doan street, from St. Clair street southerly to the southerly limits of the city of Glenville, and from St. Clair street northerly to the right of way of the Lake Shore & Michigan Southern Railway Company; said extension in Doan street to be constructed and operated as one entire extension of the present line of said company in said city, and as a cross-town line.

"Section 13. The right herein granted shall be and remain in force until June 18, 1927."

The Cleveland Electric Railway Company is the successor of the Cleveland City Railway Company, named in said ordinance, and is entitled to whatever rights under said ordinance said Cleveland City Railway Company would have been entitled to but for the assignment of its rights to said Cleveland Electric Railway Company.

It is urged, however, by the plaintiff that no rights were acquired by any party to construct and operate such railroad under said ordinance.

The grounds upon which this claim is based are that the line of railroad operated on St. Clair street at and prior to the time of the passage of said ordinance was being so operated without any lawful authority, because the same was constructed as an extension into the city, then village of Glenville, of a line of railroad then owned and operated by a predecessor of the Cleveland City Railway Company.

The village of Glenville immediately adjoins the city of Cleveland on the east. The first line of road constructed as a part of the St. Clair street line was so done by authority of an ordinance passed by the city of Cleveland many years ago, and the line so built extended easterly along said street to Wilson avenue, which was then the east line of the city of Cleveland.

Belle v. Glenville.

Under a franchise granted by the commissioners of Cuyahoga county a line of road was built by the company owning the St. Clair street line, which was a continuation of said original St. Clair street road from said east line of the city to a point within the city of Glenville, and was thereafter known as part of said line.

When this line east of Wilson avenue was built the road over which the line ran was outside of any municipal corporation. Later, the territory, including this part of said road, was annexed to and became a part of the city of Cleveland and the road was thereafter a part of the St. Clair street line in said last named city. The claim is made on the part of the plaintiff that such annexation had the effect to deprive the company of the right to operate said line between Wilson avenue and the west line of the then village of Glenville. This contention is not sound. If the law is as claimed, every time the territorial limits of a municipality are extended so as to take in unincorporated territory, every street railroad operating under authority of the municipality to the extent that its lines are within the municipality, and under authority of the county commissioners, so far as its lines are without the municipality, would have its property rights taken away by simply an annexation of such unincorporated territory to the municipality. This is against reason, and would perpetrate such a wrong upon street railroad companies as cannot be tolerated by the law.

It has already been said that Glenville immediately adjoins the city of Cleveland on the east. This, of course, was not true at the time the line was built over the unincorporated territory east from Wilson avenue. So that we hold that after the annexation of the unincorporated territory already mentioned the railroad company lawfully owned and operated the St. Clair street line easterly from Wilson avenue.

On March 20, 1890, the' council of Glenville passed an ordinance in terms authorizing the street railroad company to extend its line from its then eastern terminus easterly along St. Clair street in Glenville to the Coit or Eddy road, a long way east of Doan street, and shortly thereafter the road was so extended and has ever since been operated as a part of the St. Clair street line of said railroad company throughout its entire length.

The railroad company claim the right to make the extension now sought to be made by virtue of Lan. R. L. 3770 (B. 1536-188; R. S. 2505), which reads:

"The council of any city or village may grant permission, by ordinance, to any corporation  *  *  *  owning, or having the right to construct, any street railroad, to extend their track, subject to the pro-

visions of Secs. [Lan. 5520, 5521, 5523, 5526, 5527 and 5528] 3437, 3438, 3439, 3440, 3441, 3442 and 3443 on any street or streets where council may deem such extension beneficial to the public.''

Laning R. L. 3763 (B. 1536-183) provides that:

''No extension of any street railroad located wholly without any such city, on of any street railroad wherever located, which has been or shall be built in pursuance of a right obtained from any source or authority other than a municipal corporation, shall be made within the limits of such city, except as a new route, and subject to the provision of Sec. [Lan. 3767] 2501 Rev. Stat. of Ohio and Sec. 30 [Lan. 3764; B. 1536-185'; R. S. 2502] of this act.''

As has already been said, a part of the present St. Clair street line was built under authority granted by the county commissioners. It is urged that this being true, any extension of such line must be made under the provisions of the law regulating the construction of new lines of road because it is said there is a part here of the line sought to be extended, the authority to construct which was obtained from another source than a municipal corporation. As has already been said, this line on St. Clair street throughout its entire extent has been owned and operated by the predecessors of the Cleveland Electric Railway Company for more than twelve years, and its last extension was granted by ordinance of the council of Glenville in 1890. That extension is the one which was made over a line part of which was built under authority other than that of a municipal corporation, but for the whole time since 1890 this extended line has been operated without interference on the part of the plaintiff or the village of Glenville.

The authority provided in Lan. R. L. 3770 (B. 1536-188; R. S. 2505) is to any corporation or individual ''owning or having the right to construct any street railroad.'' We think the street railroad company here comes within the terms of this statute and that the city of Glenville cannot now be heard to complain that the extension made in 1890 was invalid for the reason suggested; and if the city of Glenville cannot be heard, then this plaintiff cannot be heard to make such complaint.

Doan street runs north and south and crosses St. Clair street nearly at right angles at a point east of the west line of Glenville about one-third of the distance between the east and west lines thereof and south of the Lake Shore & Michigan Southern track about one-third of the distance to the south line of Glenville.

It is not claimed on the part of the railway company that it pursued the statutory method necessary to construct and operate an original street

Belle v. Glenville.

railroad, but only that it did those things necessary for the extension of the tracks of an already existing road.

It is said, however, that the construction of a road across and at right angles with an already existing road cannot in any proper sense be called an extension of the track of the original road, and it is said that this is emphasized by the language of the ordinance providing:

"Said extension in Doan street is to be constructed and operated as one entire extension of the present line of said company in said city and as a cross-town line."

We do not understand that the language of the ordinance as to a cross-town line in any manner affects the question of whether the Doan street track can be considered as an extension of the St. Clair street track. To extend the track of a street railroad is not necessarily to continue such track in the same general direction as the original track. It would seem that there could be no doubt that if there was a point somewhere to the north of St. Clair street which, it was important to the railroad company and to the public, should be reached by the tracks of such road, the laying of track connections with the St. Clair street track to such point would properly be an extension of the track already laid; and perhaps, if the point to be reached had been so far east from Doan street as that the new track being connected with the St. Clair street track at Doan street would diverge at a very slight angle from the line of St. Clair street going east, it would be admitted that this might properly be called an extension of the St. Clair street track, and surely the degree of the angle made in passing from the St. Clair street track onto the track laid as an extension can in no wise affect the question of whether such new track is an extension of the old.

If this is true as to the north side of St. Clair street, it must be equally true as to the south side of St. Clair street, and a line of track running either northerly or southerly from the St. Clair street track might with propriety be designated as an extension of the St. Clair street track. If this be so, then a track running either way from St. Clair street along Doan street might be made as an extension of the St. Clair street track, and surely one extension having been made could be no bar to the making of the extension in the other direction, and it would be absurd to say that you might accomplish what was in terms authorized by this ordinance by making two extensions when it could not be done by making all as one extension. This is so held in the case of *Aydelott v. Cincinnati*, 4 Circ. Dec. 486 (11 R. 11), the fourth clause of the syllabus reading:

"The fact that at a certain point a street railroad route 'forks' and

becomes two diverging branches, does not destroy the unity of the route, or make it two diverse and different routes.''

In the case of *Cincinnati* v. *Railway,* 1 Dec. 591 (31 Bull. 308), the superior court of Cincinnati held:

''To constitute a valid extension within the meaning of the street railway legislation of this state, it is not necessary that the extension should begin at one of the *termini* or run in the general direction of the original route.''

See also *South Boston Ry.* v. *Railway,* 121 Mass. 485.

We hold, therefore, that the proposed line of track along Doan street is properly an extension of the St. Clair street track.

It is urged, however, that the company's right to operate on St. Clair street, if it had any, was to operate as an extension of a line the motive power of the cars of which should be horses or mules and that, therefore, no extension of the track could be authorized with electricity as a motive power. The answer to this is, that at the time application was made for this extension, the railroad company owned and was operating a road along St. Clair street with electricity as a motive power, and that for more than ten years before the filing of the application for this extension the cars had been operated over this line with something other than horses and mules as the motive power.

It is urged further on the part of the plaintiff that the ordinance of June 29, 1903, is in violation of Lan. R. L. 3106 (B. 1536-620; R. S. 1694), which provides:

''No by-law or ordinance shall contain more than one subject, which shall be clearly expressed in its title, and no by-law or ordinance, or section thereof, shall be revived or amended, unless the new by-law or ordinance contain the entire by-law or ordinance, or section revived or amended; and the by-law or ordinance, section or sections so amended shall be repealed.''

''First, it is said that the ordinance legislates as to several subjects, to wit, the construction of a railway, the repeal of portions of certain other ordinances, the revival or reaffirmance of portions of another ordinance, and the amendment of another ordinance.

We understand the entire subject-matter of the ordinance under consideration was the construction and operation of an extension of the track of the St. Clair street railroad line along Doan street, and that the other matters spoken of are simply incidents of that one subject-matter. This subject-matter is clearly expressed in the title of the ordinance, and therefore this position of the plaintiff is untenable. So far as the

Belle v. Glenville.

ordinance undertakes to repeal any prior ordinance, it is found in Sec. 10, which reads.

"Section 10. Said railway company by accepting the terms of this ordinance shall be deemed to have waived all right to construct said Doan street line under the franchise granted and undertaken to be granted by the ordinance passed by the council of the village of Glenville, June 18, 1902; and so much of said ordinance as is in conflict with the provisions of this ordinance or relates in any manner to the granting of such right on Doan street is hereby repealed; in all other respects said ordinance is approved and confirmed."

So far as anything is done by way of repeal, the language is that ordinarily used in legislative enactments by the general assembly, and we think no mandatory provision of the section referred to is violated by the language repealing a previous ordinance.

As to the language which it is said is obnoxious to the statute because it re-enacts some part of a former ordinance, it is enough to say that the language used, viz., "in all other respects said ordinance is approved and confirmed," added nothing to such former ordinance and was not a re-enactment thereof but was simply surplusage, as such parts of the former ordinance as were not repealed would without this language have remained in force.

Objection is further made to the ordinance under consideration that it extends the franchise upon St. Clair street. The franchise which the railroad company held on St. Clair street would have expired but for this extension. The ordinance under consideration, as will be seen by Sec. 13 already quoted, grants the rights provided for in the ordinance to remain in force until June 18, 1927. We do not understand that this would at all render the ordinance invalid.

Laning R. L. 3764 (B. 1536-185) provides:

"That no grant nor renewal of any grant for the constructing or operation of any street railroad, shall be valid for a greater period than twenty-five years from the date of such grant or renewal."

"And as this simply provides that this extension may continue for a period of less than twenty-five years from the date of the ordinance, we think no just criticism can be made upon it in that regard.

This court, in the case of *State v. Railway*, 3 Circ. Dec. 471 (6 R. 318), held that:

"Whenever, in the opinion of the city council the public welfare would be promoted thereby, it may, by agreement with a street railway company, terminate a grant previous to its expiration, and renew the franchise for any period not in excess of the limitation fixed by statute."

Laning R. L. 3767 (B. 1536-184; R. S. 2501) provides for the renewal of grants already made, the language being, "the council may renew any such grant at its expiration upon such conditions as may be considered conducive to the public interest."

If this last mentioned section applies at all to the matter under consideration, we do not suppose that it was intended by the legislature that the date of the grant of every renewal must be at the exact day on which the original term expired. This would be impracticable, as is shown by Judge Upson in his opinion in the case already cited, *State* v. *Railway, supra.*

It is further urged that the provisions of Lan. R. L. 3765 (B. 1536-189), were not complied with in making this extension. Special attention is called to this language of the section:

"Provided, further, that no resolution or ordinance, providing for such extension or change of route or routes, or changes or revision of systems of transfers, shall be passed until public notice of the pendency of such resolution or ordinance shall have been given in one or more of the daily newspapers."

No claim is made on the part of the railway company that this was complied with, for the reason, as it is urged, that it has no application to the extension of the track of an existing line of road such as is provided for in Lan. R. L. 3770 (B. 1536-188; R. S. 2505). An examination of these two sections, Lan. R. L. 3770 (B. 1536-188; R. S. 2505) and Lan. R. L. 3765 (B. 1536-189), makes it plain that the subject-matter of each is different from the subject-matter of the other, and therefore the provisions as to the extension of routes are not applicable to the extension of the track of a road already laid.

Other objections were made on the hearing to the proceedings of the council and the railway company, but an examination of the whole case leads us to the conclusion that the petition of the plaintiff should be dismissed, and it is so ordered.

**Hale** and **Winch, JJ.,** concur.