LEWIS C. CLARK, trustee, *vs.* GEORGE A. WILLIAMS, & another.

Worcester.    October 2, 1905. — January 5, 1906.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Equity Pleading and Practice.    Sale.    Bankruptcy.*

Upon an appeal by a plaintiff from a decree in equity granting part of the relief prayed for but not the whole, the defendant if he has taken no appeal cannot raise the point that there is no jurisdiction in equity.

If the lessor of machinery which is in the possession of the lessee gives a bill of sale of it, absolute on its face, under an oral agreement that it shall be held as security for certain notes, without recording it or giving notice to the lessee who has no knowledge of the transaction, this passes no title good against at-

taching creditors of the vendor, and if he is adjudicated a bankrupt his trustee in bankruptcy, who has had no previous knowledge of the bill of sale, can maintain a suit in equity to establish his title to the property subject to the lease and his right to the rent accruing after the adjudication in bankruptcy.

BILL IN EQUITY, filed December 17, 1904, by the trustee in bankruptcy of the estate of George N. Keyes of Worcester, adjudicated a bankrupt on March 29, 1904, to set aside a bill of sale, dated September 1, 1903, of certain machinery and appliances in the manufacturing building known as the J. N. Keyes machine shop in that city.

The case was heard by *Wait*, J., who made certain findings of fact the substance of which is stated in the opinion. He made the following decree:

" That the petitioner is entitled to hold and retain as part of the estate of the bankrupt Keyes, so much of the property described in the bill of sale annexed to the bill of complaint as was not either in the possession of the respondents at the time of said Keyes' bankruptcy or was not included in a lease from said Keyes to the Builders Co-operative Finish Company, and that to so much of said property the respondents and each of them are enjoined and restrained from making any disposition or asserting any rights."

And further " that the respondents are entitled to hold and retain under their bill of sale, so much of the property therein described as was in their possession at said Keyes' bankruptcy, and are also entitled to so much as was included in a lease from said Keyes to the Builders Co-operative Finish Company, and to the rent paid since said Keyes' bankruptcy by the Builders Co-operative Finish Company, for the use of said property leased to them, and that the petitioner account to them therefor, so far as said rent has been received by him or on his account."

The plaintiff appealed.

*H. L. Parker*, for the plaintiff.

*T. H. Gage, Jr.*, (*F. F. Dresser* with him,) for the defendants.

HAMMOND, J. The defendants' objection that the plaintiff has a plain, adequate and complete remedy at law and that therefore equity has not jurisdiction, although made in the amended answer, does not appear from the record before us

to have been much relied upon at the hearing in the Superior Court. But however that may be, jurisdiction in favor of the plaintiff was assumed by that court, and, since the defendants did not appeal from the decree, they cannot, upon this the plaintiff's appeal, raise this question of jurisdiction. *Cohen* v. *Nagle, ante,* 4. See also *Haskell* v. *Merrill,* 179 Mass. 120, and cases cited.

At the time of the delivery of the bill of sale by Keyes to the defendants, a part of the property therein described was in the possession of the defendants, a part in the possession of Keyes, and the rest in the possession of the Co-operative Builders Finish Company under a lease theretofore made by Keyes and still in force. There has since been no change in the possession of any part of the property. The trial judge " decided" that the title to the property described in the lease to the Builders Finish Company, as also that which was in the possession of the defendants at the time the bill of sale was delivered to them, passed to the defendants, and that the plaintiff had title to that of which Keyes retained possession; and a decree was made declaring in substance that the defendants are entitled to hold and retain under their bill of sale so much of the property therein described as was not retained in the possession of Keyes.

The bill of sale though absolute in form was given under an oral agreement that it should be held simply as security for the notes held by the defendants against Keyes. At the most it was only a mortgage. *Williams* v. *Nichols,* 121 Mass. 435. R. L. c. 198, § 1, provides for the recording of mortgages of personal property, and that unless the mortgaged property has been delivered to and retained by the mortgagee the mortgage shall not be valid against a person other than the parties thereto until it has been recorded as required by the statute. This mortgage was not recorded, and, the mortgage agreement being oral in part, it could not be. *Williams* v. *Nichols, ubi supra.* There was no attempt to make any actual or constructive delivery. As to the property then in the hands of the defendants a delivery was unnecessary. It may be fairly assumed that after the receipt of the bill of sale the defendants held that portion of the property under the agreement. The decree being

in favor of the plaintiff and the defendants not having appealed, no question arises as to the right of the plaintiff to hold the property retained by Keyes.

The real question relates to the property leased to the Builders Finish Company. Was there any delivery to the defendants of that property? The delivery required by the statute is the same as that required in an absolute sale to pass to the vendee the title as against attaching creditors of the vendor. *Wright* v. *Tetlow,* 99 Mass. 397. It is clear that there was no actual delivery. Was there any constructive delivery? It is a familiar principle of law that when property is in the hands of a third party such as a bailee or a lessee, a delivery can be made by a notice to such party of the sale or mortgage. But in the present case no attempt was made to give such a notice and neither the lessee nor the plaintiff had any notice or knowledge of the bill of sale until after the appointment of the latter as trustee in bankruptcy of the estate of Keyes. Moreover Keyes received the rent from the lessee until he was adjudicated a bankrupt. In no way whatever can it be said that there ever has been any actual or constructive delivery to the defendants of this leased property, or that they ever retained possession of any part of it. The only thing done was to deliver a bill of sale, and under the circumstances disclosed that was not enough to constitute a constructive or even a symbolical delivery. *Carter* v. *Willard,* 19 Pick. 1. *Burge* v. *Cone,* 6 Allen, 412. *Dempsey* v. *Gardner,* 127 Mass. 381. Under the doctrine clearly set forth in *Carter* v. *Willard,* and ever since followed in this Commonwealth, it is clear that while as between the parties to the bill of sale the title passed, still there was no such delivery as passed the title as against the attaching creditors of Keyes. In so far as the decision in *Corning* v. *Records,* 69 N. H. 390, upon which the defendants rely, is inconsistent with this doctrine, we cannot follow it.

While, by reason of the possession of the lessee, this property could not be directly reached by attachment and execution at the common law by the creditors of Keyes, yet they could reach it under trustee process subject to the rights of the lessee, as if the property had been attached upon an original writ of attachment. R. L. c. 189, §§ 19, 24. And it would have been the

duty of the lessee, at least after the expiration of the lease, to expose the goods so that the interest thus reached could be taken and sold on execution. R. L. c. 189, §§ 57, 58. *Clark* v. *Brown,* 14 Mass. 271. It was "property which prior to the filing of the petition [in bankruptcy] . . . might have been levied upon and sold under judicial process against" him and passed to the trustee. U. S. St. 1898, c. 541, § 70 a (5). Nor is the trustee to be regarded as a party to the mortgage so as to come within the exception to the statute which provides that the mortgage shall not be valid against a person "other than the parties thereto." *Bingham* v. *Jordan,* 1 Allen, 373. *Haskell* v. *Merrill,* 179 Mass. 120.

It follows that as between the plaintiff and the defendants the title to the property held under the lease is not in the defendants but in the plaintiff subject to the rights of the lessee. The decree in this respect is reversed, and as to this property and the rent under the lease the decree is to be for the plaintiff. In every other respect the decree is to stand.

*So ordered.*