M. SUMNER COGGAN, trustee, *vs.* ALVA N. WARD & another.

Middlesex.    December 2, 1912. — May 24, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Bankruptcy. Mortgage,* Of personal property. *Bill of Sale.*

If a mortagee of personal property under an unrecorded instrument of transfer absolute in form, which was executed and delivered in good faith more than four months before the filing by the mortgagor of a voluntary petition in bankruptcy, takes possession of the mortgaged property less than one month before the filing of such a petition when he has reasonable cause to believe that the mortgagor is insolvent, such mortgagee, where no intervening liens or rights have been obtained, acquires a title which is good under the law of this Commonwealth and consequently is good under the bankruptcy act of 1898, as

amended by U. S. St. 1903, c. 487, § 13, against the trustee in bankruptcy of the mortgagor, unless the instrument of transfer was one that was required by law to be recorded or registered.

Before the enactment of St. 1913, c. 656, a mortgage of personal property made by a bill of sale absolute in form but intended as security for the payment of money was not required by R. L. c. 198, § 1, to be recorded, and consequently was not included in the provision of the bankruptcy act as amended by U. S. St. 1903, c. 487, § 13, that the period within which a transfer may constitute a preference "shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required."

RUGG, C. J.    This is a bill in equity brought by the trustee in bankruptcy of the defendant Cross, to recover as assets of the bankrupt certain chattels in the possession of the defendant Ward, alleged to have been conveyed to him by the bankrupt contrary to the United States bankruptcy act.* The facts are that Cross, the bankrupt, in October, 1907, executed and delivered to Ward a bill of sale of all his livery stable property, absolute in form but intended as security for the payment of $3,000 then lent by Ward to the bankrupt. This instrument of transfer was never recorded. Ward contemporaneously gave to the bankrupt an authorization to continue to use the property in the livery stable business. This transaction was executed by both parties in good faith, and there was no evidence that Cross was insolvent at that time. On December 31, 1908, Ward took possession of the property under his instrument, then having reasonable cause to believe that Cross was insolvent, not intending to perpetrate any actual fraud, but merely to perfect his lien upon the property, and to make it available for the payment of his debt before attachment or bankruptcy. On January 19, 1909, Cross filed a voluntary petition in bankruptcy, and was adjudged a bankrupt.

The first question is, what were the rights of the parties under these circumstances, apart from the federal bankruptcy act. It is the settled law of this Commonwealth that an instrument of transfer of personal property, absolute in form but intended by the parties to be a mortgage, genuine, honest and valid as such when executed and delivered, authorizes the person named as vendee to take possession of the property, in order to secure his own debt, at any time before the rights of other persons have

---

* In the Superior Court *Jenney*, J., made a final decree dismissing the bill; and the plaintiff appealed.

intervened, and that thereby he acquires a title which relates back for its validity to the date of the instrument, and that, although the taking possession may be at a time when the debtor is insolvent to the knowledge of himself and of his creditor named as vendee in the instrument of transfer, it is nevertheless effectual, although occurring within a period of time previous to insolvency, which would invalidate the transaction if the initial step had occurred at the time of taking possession. This was decided in *Mitchell* v. *Black*, 6 Gray, 100. That case frequently has been cited with approval and its principle affirmed. *Blanchard* v. *Cook*, 144 Mass. 207, 227. *Wright* v. *Tetlow*, 99 Mass. 397, 400. *Chase* v. *Denny*, 130 Mass. 566, 569. *Sawyer* v. *Turpin*, 91 U. S. 114. *Humphrey* v. *Tatman*, 198 U. S. 91. See *Haskell* v. *Merrill*, 179 Mass. 120; *In re Antigo Screen Door Co.* 59 C. C. A. 248, 255. It was decided in *Tatman* v. *Humphrey*, 184 Mass. 361, that acquisition of possession of mortgaged personal property by a mortgagee acting under an unrecorded mortgage within a few days before the commencement of bankruptcy proceedings and before third persons had acquired liens or rights by attachment, conferred upon the mortgagee a title good at common law against creditors, and which would have been good against an assignee in insolvency under our statutes. This rule was held to apply under the bankruptcy act in *Humphrey* v. *Tatman*, 198 U. S. 91. This is so, notwithstanding and under the provisions of R. L. c. 198, § 1, to the effect that mortgages of personal property should be recorded within fifteen days from the date written in the mortgage, and shall be void if recorded subsequently, "unless the property mortgaged has been delivered to and retained by the mortgagee." The decisions relied upon by the plaintiff, the trustee in bankruptcy, are distinguishable. *Walker* v. *Staples*, 5 Allen, 34, *Thompson* v. *Dolliver*, 132 Mass. 103, and *Copeland* v. *Barnes*, 147 Mass. 388, were all cases where a bill of sale was given without any change of possession, either then or at any subsequent time, and it was said that the instrument was at most a pledge, and that, no possession having been taken under it before the rights of other parties had accrued, no substantial rights had been secured under the pledge. These cases plainly are different from the present, where it is expressly found that the parties intended the instrument to operate as a mortgage, and the vendee named

in the bill of sale has perfected his rights as mortgagee by taking possession of the property before bankruptcy.

The second question presented is the effect of the transaction in the light of the federal bankruptcy act. It was said in *York Manuf. Co.* v. *Cassell*, 201 U. S. 344, at 349, with affluent citation of authorities: "The trustee in bankruptcy takes no greater title than the bankrupt and the bankruptcy proceedings do not operate as a judicial seizure, conferring new and greater rights on the creditors of the bankrupt." To the same effect see *Zartman* v. *First National Bank of Waterloo*, 216 U. S. 134, 138; *Sexton* v. *Kessler & Co.* 225 U. S. 90, 97; *Holt* v. *Crucible Steel Co. of America*, 224 U. S. 262; *Thomas* v. *Taggart*, 209 U. S. 385.

It is the law under the present federal bankruptcy act, as established by decisions of the United States Supreme Court, that the effect of taking possession of property within four months of the bankruptcy by a mortgagee according to the terms of the mortgage made earlier than four months before the filing of the petition in bankruptcy is to be determined according to the law of the State. *Thompson* v. *Fairbanks*, 196 U. S. 516. This continues to be the law, except as modified by 32 U. S. Sts. at Large, 797, 799; U. S. St. 1903, c. 487, § 13, approved February 5, which provides that "where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required."

The point next to be determined is whether the instrument of transfer here under consideration was one required to be recorded or registered under the law of this Commonwealth. It is true that in general mortgages of personal property are required by R. L. c. 198, § 1, to be recorded. But a bill of sale is not a mortgage. It has been decided several times that it was not only not a mortgage, but could not be recorded as a mortgage and acquired no additional validity by being recorded. *Williams* v. *Nichols*, 121 Mass. 435. *Hill* v. *Marston*, 178 Mass. 285. *Harding* v. *Eldridge*, 186 Mass. 39. *Clark* v. *Williams*, 190 Mass. 219. The reason for this is that the mortgage agreement in cases like the present is partly oral, and therefore cannot be recorded. It is not required to be recorded under the law of this Commonwealth, and its validity does not depend on such recording, and

is in no way affected by it. The change wrought by St. 1913, c. 656, does not affect the rights of the present parties. The facts presented by the case at bar, therefore, do not come within the purview of the bankruptcy act as amended by U. S. St. 1903, c. 487, § 13. The bill of sale with its accompanying oral agreement constituted a mortgage of personal property valid under the laws of this Commonwealth, and not required to be or capable of being registered or recorded as such. Possession taken under it before the filing of the petition in bankruptcy and before the right of other persons had attached, so far as the law of this Commonwealth is concerned, vested title in the mortgagee. It has the same effect under the bankruptcy law.

The United States Circuit Courts of Appeal generally have sustained the validity of an instrument of transfer which was valid without recording as between the parties and against attaching creditors under the State law since the enactment of 32 U. S. Sts. at Large, 797, 799; U. S. St. 1903, c. 487. *Meyer Bros. Drug Co.* v. *Pipkin Drug Co.* 69 C. C. A. 240, *In re Doran,* 83 C. C. A. 265, *In re Sturtevant,* 110 C. C. A. 68, *In re Klein,* 116 C. C. A. 603, 613, although there are contrary decisions: *In re Beckhaus,* 100 C. C. A. 561, *Loeser* v. *Savings Deposit Bank & Trust Co.* 78 C. C. A. 597. Other decisions sustaining the conclusion we have reached are *Mower* v. *McCarthy,* 79 Vt. 142, *Laurel Oil & Fertilizer Co.* v. *Horne,* 101 Miss. 629. See also *Fisher* v. *Zollinger,* 79 C. C. A. 76.

*Decree affirmed with costs.*

*L. C. Coggan,* for the plaintiff.
*A. H. Wellman,* (*H. W. King* with him,) for the defendants.