MARY E. LEAHY *vs.* ELI GEORGE.

Worcester. September 22, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Attachment,* Validity. *Sale,* Unrecorded bill of sale given for security. *Mortgage,* Of personal property.

At the trial in a district court of an action of replevin against a constable who held under attachment against a debtor flour claimed by the plaintiff, it appeared that the flour had been purchased by the debtor from a vendor who had shipped it to him " on a bill of lading made

out to the shipper as consignee but with order to notify" the debtor; that the debtor gave a bill of sale of the flour to the plaintiff, his mother-in-law, and, while the flour was in a car, she "with her own money paid a bank . . . the amount of the arrival draft issued with the shipment and then went to the freight house and obtained a release of the flour to herself"; and that flour remaining in the car was attached by the defendant while the plaintiff was in the process of unloading. The judge found as a fact that the bill of sale was given as security and ruled that, as it had not been recorded, it was "of no legal effect against the defendant" and found for him. The Appellate Division dismissed a report and the plaintiff appealed. *Held,* that

(1) The finding that the bill of sale to the plaintiff was given as security was warranted;

(2) The findings by the judge imported that the plaintiff paid the draft on behalf of the debtor; and consequently title to the flour passed to him before the attachment was made, subject to the rights of the plaintiff, if any, under the bill of sale;

(3) Under G. L. c. 255, § 1, the bill of sale given as security, not having been recorded, was of no legal effect against the defendant.

The mere fact, that possession of personal property, described in an unrecorded bill of sale given for security, was transferred to the grantee, did not make G. L. c. 255, § 1, inoperative.

REPLEVIN of flour. Writ in the Central District Court of Worcester dated April 27, 1927.

Facts found and rulings made by the judge in the District Court are stated in the opinion. Having found for the defendant, he reported the action to the Appellate Division for the Western District. The report was ordered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*J. J. Moynihan,* for the plaintiff.

*M. M. Taylor,* for the defendant.

FIELD, J. This is an action of replevin brought in the Central District Court of Worcester against a constable for a portion of a carload of flour to which the plaintiff claims title, attached by the defendant on a writ from said court as the property of one Charles M. McDonald. The trial judge found that the attachment was made on April 26, 1927, and "was a valid one as far as McDonald was concerned and the defendant was acting within his official authority providing the flour was the property of McDonald at the time the attachment was made," but that on the preceding day McDonald had given a bill of

sale of the flour to the plaintiff which was never recorded. He found as a fact that the bill of sale was given as security and ruled that as it had not been recorded it was "of no legal effect against the defendant" and found for him. The Appellate Division, to which, at the request of the plaintiff, the case was reported, dismissed the report, and the plaintiff appealed.

The plaintiff's contention is, in substance, that "the flour was" not "the property of McDonald at the time the attachment was made," because (a) title thereto never passed to him, but, (b) if it ever did so pass, the bill of sale, though unrecorded, transferred from him to the plaintiff a title valid against the subsequent attachment, since at the time of the attachment the plaintiff had possession of the flour.

The trial judge found that at the time "the attachment was made the flour was on the track for delivery in Worcester where it had been shipped by a flour mill from whom McDonald had purchased it . . . on a bill of lading made out to the shipper as consignee but with order to notify McDonald." On the day of the attachment, but before it was made, the plaintiff, McDonald's mother-in-law, "with her own money paid a bank . . . the amount of the arrival draft issued with the shipment and then went to the freight house and obtained a release of the flour to herself." The flour remaining in the car was attached while the plaintiff was in the process of unloading. The finding that the bill of sale was given as security, which was warranted by the evidence, in connection with the other findings, imported that the plaintiff paid the draft on behalf of McDonald. Consequently, title to the flour passed to him before the attachment was made, subject to the rights of the plaintiff, if any, under the bill of sale.

The trial judge ruled correctly that the bill of sale "given as security," unrecorded, was "of no legal effect against the defendant." The defendant was not a party thereto. See *Denny* v. *Lincoln,* 13 Met. 200; *Pratt* v. *Harlow,* 16 Gray, 379; *Drew* v. *Streeter,* 137 Mass. 460.

G. L. c. 255, § 1, provides for recording mortgages of personal property and provides further that such a mortgage " shall not be valid against a person other than the parties thereto until so recorded," and that the " section shall apply to bills of sale given for security." This bill of sale is not within the exception made by St. 1921, c. 233. Nor, as contended by the plaintiff, is it outside the statute because the flour came into her possession. This statute, as it appeared in R. L. c. 198, § 1, did not apply to bills of sale (*Coggan* v. *Ward,* 215 Mass. 13) and expressly excepted from its application mortgages where " the property mortgaged has been delivered to and retained by the mortgagee." It was extended to " bills of sale intended for security" by St. 1913, c. 656. St. 1915, c. 226, repealed St. 1913, c. 656, struck from R. L. c. 198, § 1, the express exception of mortgages covering property " delivered to and retained by the mortgagee " and provided that the section should " apply to bills of sale given for security." The statute was so codified in General Laws. In view of its history, there can be no implication that " bills of sale given for security " covering property in the possession of the vendee are excepted from its provisions. Such an implication as to mortgages is rebutted by the repeal of the express exception and the statute purports to treat such bills of sale like mortgages. Therefore, cases, arising before the passage of St. 1915, c. 226, in which the effect of delivery is considered, are no longer controlling. See, for example, *Clark* v. *Williams,* 190 Mass. 219; *Goodrich* v. *Dore,* 194 Mass. 493. Nor, as the statute includes expressly " bills of sale given for security," need the cases distinguishing chattel mortgages and pledges be discussed. See, for example, *Walker* v. *Staples,* 5 Allen, 34; *Thompson* v. *Dolliver,* 132 Mass. 103; *Harding* v. *Eldridge,* 186 Mass. 39; *Coggan* v. *Ward, supra.*

As no error of law is disclosed by the record, the order of the Appellate Division dismissing the report must be affirmed.

*So ordered.*