## ALLEN v. VINT.

[See Vint v. King, Case No. 16,950.]

## ALLEN, (VOSE v.)

[See Vose v. Allen, Case No. 17,005; and Id. 17,006.]

## ALLEN, (WHITE v.)

[See White v. Allen, Case No. 17,535.]

## Case No. 241.

### ALLEN v. WHITTEMORE.

[8 Ben. 485;[1] 14 N. B. R. 189.]

District Court, D. Vermont. June, 1876.

RESIDENCE OF BANKRUPT—BILL OF SALE RECORDED UNDER STATE LAW.

1. Where a bill of sale of certain property was recorded in the clerk's office in the town where the purchaser, at the time, represented that he resided, according to the law of the state of Vermont, and the purchaser became bankrupt before the conditions of the bill of sale were fulfilled:

*Held,* That the assignee of the bankrupt cannot set up, as against the holder of the bill of sale, that the bankrupt actually resided in another town, where the bill of sale was not recorded, and therefore the condition is void.

2. That the property having been sold, and the proceeds collected by the assignee, he must pay the balance remaining due on the bill of sale.

[In bankruptcy. Action by Alonzo W. Allen against A. G. Whittemore, assignee, to enforce the collection of a promissory note secured by a conditional bill of sale.]

SMALLEY, District Judge. In this case it apppears that J. E. Came & Co. were manufacturers and vendors of billiard tables in the city of Boston, and commonwealth of Massachusetts; and on the 31st day of July, 1873, sold to Adoniram Austin, who set himself up as of Burlington, in the state of Vermont, five billiard tables and their appurtenances, and conveyed them to him by bill of sale thereof dated Boston, July 31, 1873, conditioned that said Austin pay the said Came & Co., or their assigns, five promis-

sory notes, therefor, amounting in all to one thousand and seventy dollars and ten cents. The bill of sale states that Austin lives in Burlington, and that said Austin stipulated that he would keep said billiard tables insured at his own expense and the policy be made payable to said Came & Co. or their assigns, in case of loss. Said bill of sale, with the conditions thereon, was .duly recorded in the city clerk's office, in the city of Burlington, on the 3d day of September, 1873. All said notes were paid except the last one; the last one became payable and remained unpaid, and said Came & Co. sold and transferred the same with all their title to the property to the said A. W. Allen, the petitioner. The said Allen then demanded payment thereof or the property, which said Austin refused to make or to deliver the property. Soon after said Austin went into bankruptcy and said Whittemore was duly appointed his assignee. Said Allen then demanded of said Whittemore the amount due on the note or the said property, which Whittemore wholly refused, alleging that said Austin lived in the town of Colchester and not in the city of Burlington, and according to the statute of the state of Vermont passed at the session of 1872 (Laws Vt. 1872, p. 90,) the bill of sale not being recorded in the town of Colchester, according to said Act, the condition was void and the property became absolutely said Austin's. But the court holds, that inasmuch as said Austin represented himself to reside in the city of Burlington, he could not take advantage of his own fraud, and thus deprive the said Came & Co. or their assigns of the title to said property, as at common law the property remained theirs until all the conditions were complied with and the notes fully paid. And it appears that the said Whittemore had sold the said tables and collected the money therefor. It is ordered that the said Whittemore, as assignee, pay the said Allen the amount now due on the said last named note, and the costs of this proceeding, and it be referred to B. B. Smalley, as Master, to ascertain and report to this court the amount thereof.