## ISAAC HARLOW *vs.* EDWIN H. HALL.

Suffolk.   Jan. 16. — Feb. 8, 1882.   LORD, FIELD & C. ALLEN, JJ., absent.

The delivery of a bill of parcels of a chattel to the purchaser, who thereupon
gives to the seller a lease of the chattel, if there is no other delivery or change
of possession, is not sufficient to pass the title as against a subsequent pur-
chaser in good faith from the original seller.

REPLEVIN of three pianos.   Trial in the Superior Court,
without a jury, before *Gardner,* J., who found for the defend-
ant; and the plaintiff alleged exceptions.   The facts appear in
the opinion.

*E. J. Hadley,* for the plaintiff.

*F. L. Hayes,* for the defendant.

ENDICOTT, J.   The case finds that William H. Ivers sold the
pianos to the plaintiff, and gave to him a bill of parcels; and
that the plaintiff thereupon gave a lease of the pianos to Ivers.
There was no delivery of the pianos to the plaintiff, except such
as might be implied from the execution and delivery of the
papers, and Ivers retained possession of the pianos as before the
purchase.   As between the plaintiff and Ivers, the title to the
pianos passed without delivery; but as against a subsequent
purchaser from Ivers in good faith, it did not pass, for there was
no actual or constructive delivery of the property.   *Carter* v.
*Willard,* 19 Pick. 1.   *Burge* v. *Cone,* 6 Allen, 412.   *Dempsey*
v. *Gardner,* 127 Mass. 381, and cases cited.

This case is not to be distinguished from *Packard* v. *Wood,* 4
Gray, 307.   In that case, as in this, there was a bill of sale of
certain personal property, accompanied by a lease of the same
from the vendee to the vendor, but there was no actual delivery;
and it was held that there was not sufficient evidence of a deliv-
ery of the property as against a subsequent attaching creditor.

The plaintiff's title cannot, therefore, avail against the defend-
ant, who, in good faith, bought the property of Ivers, and took
possession of it.                        *Exceptions overruled.*