### FREDERIC F. HASKELL, trustee, *vs.* JOSEPH F. MERRILL & others.

Suffolk. March 20, 1901. — May 23, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Practice*, Objection of remedy at law, Exceptions to Master's report, Findings of fact. *Pledge*, Constructive delivery. *Mortgage, Of Chattels*, Unrecorded.

The objection to jurisdiction in equity that the plaintiff has an adequate remedy at law cannot first be taken after a master's report has been filed.

Exceptions to a master's report based on evidence cannot be considered unless the evidence is reported.

Exceptions will not lie to a master's report on the ground that he used the words "loan," "security" and "delivery" in his findings thereby stating conclusions of law from facts. Such words by stating a conclusion allege by implication that facts exist which justify it. If it becomes material to separate the pure facts, the party wishing this can ask for a ruling.

An owner of machinery attempted to pledge or mortgage it by giving an unrecorded bill of sale of it and retaining possession of the property. After the transaction, the pledgor paid the attempted pledgee a monthly rent for the use of the machinery. *Semble,* that the fact that the parties went through the form of paying and receiving the rent although evidence of a change of possession did not conclusively establish it.

St. 1883, c. 73, provides that an unrecorded mortgage of personal property "shall not be valid against any person other than the parties thereto." By the United States bankruptcy act of 1898 the title to all property which the bankrupt before the filing of the petition "could by any means have transferred or which might have been levied upon and sold under judicial process against him" is vested in the trustee in bankruptcy. Under these statutes the holder of an unrecorded bill of sale from a bankrupt given as security for a loan and purporting to convey machinery which remained in the bankrupt's factory has no title as against the trustee in bankruptcy.

BILL IN EQUITY by the trustee in bankruptcy of Joseph F. Merrill to have certain real estate in the name of the bankrupt's wife declared to be a part of his estate in bankruptcy, and also to establish title to certain machinery contained in the bankrupt's factory at No. 22 Norfolk Avenue in Boston, filed June 6, 1900.

In the Superior Court the case was referred to Lewis G. Farmer, Esquire, as master, who reported as follows:

"So far as the real estate is concerned, I find that the evidence shows that the bankrupt has no beneficial interest in it, or such that the trustee in bankruptcy can, in any way, avail himself of

it, and I understand that the counsel are agreed upon that point, so that no detailed report of the evidence upon that subject is necessary.

" I find, however, that the bankrupt, in 1894, went into the business of manufacturing shoe thread at No. 22 Norfolk avenue, Boston, and at that time he bought about five thousand dollars' worth of machinery, all of which was paid for before the date of the filing of his petition in bankruptcy; that in January, 1896, being in need of money, he applied to one LeRoy F. Hodge, one of the defendants in this suit, who had done teaming and other work for him in the past, to assist him, proposing to secure him by a mortgage upon the machinery. Mr. Hodge, after carefully examining the property and considering the subject of the loan for a week or two, finally concluded to let him have $1,600, and take a bill of sale of the machinery as security, and this transaction was carried out on the twenty-third day of January, 1896, after which date, as a part of the agreement between the parties, the bankrupt paid to Hodge $22 a month rent for the use of the machinery, but paid no interest as such, nor has he paid any part of the principal.

" The property has been taxed to J. F. Merrill and others, and the taxes have always been paid by Merrill. After the bill of sale was given, certain other machinery was purchased to the amount of $1,317.36, of which $1,300 was expended to complete some special machinery which was already in the factory, and had been there from the first; but no new bill of sale or other instrument was given to cover these additional purchases. Two machines were also exchanged for new ones, and the difference in cost paid after the bill of sale was given, all of which was done with Hodge's knowledge and approval. I find, however, that when the bill of sale was given it was unaccompanied by any delivery of the property, and there has been no delivery of the property, either actual, symbolical or constructive, since that time.

" I find, if it is material, that when the bill of sale was given, Hodge was not in the shop, and that although he was frequently there afterwards in the course of his business with the bankrupt and otherwise, he never did anything more than to look at the property, and consult with the bankrupt about it. He never

made a return of the property to the assessors of the city of Boston, and apparently never exercised any ownership over the property, which remained in the possession of the bankrupt continuously from the time of its original purchase down to the date of the filing of his petition in bankruptcy. There was certain insurance upon the property at the time the bill of sale was given standing in the name of the bankrupt, but no change was made to cover the interest of Hodge, as it might appear. After the date of the bill of sale, Jan. 23, 1896, certain policies were taken out in the names of Merrill and Hodge, and on March 5, 1898, certain policies standing in the name of Merrill alone were indorsed to cover Merrill and Hodge, as their interests might appear, and were made payable in case of loss to Hodge; but before the latter date no policies were so indorsed, nor were any taken out in the names of Merrill and Hodge, or Hodge alone.

" It is apparent that both the bankrupt and Hodge supposed that there had been a transfer of the title to this machinery to Hodge as security for his loan to the bankrupt, but unless a delivery of the property can be predicated from the evidence herein reported, I do not see why the title to the machinery did not remain in the bankrupt after the date of the bill of sale, and up to the time of his bankruptcy, and that it, therefore, passed to his trustee, the plaintiff in this bill."

The defendant Hodge filed thirteen exceptions to the foregoing report, all of which were overruled by a decree of the Superior Court, from which no appeal was taken.

Subsequently the case came on to be heard by *Hardy*, J., who made a decree, ordering that the master's report be accepted and allowed, and adjudging and declaring that the machines described in the bill were the property of Joseph F. Merrill at the time of the adjudication in bankruptcy, and passed to and were at that time the property of the plaintiff, as trustee in bankruptcy; and further ordering that the defendant Joseph F. Merrill forthwith deliver and surrender the machines to the plaintiff, and that the defendant LeRoy F. Hodge refrain from making or asserting any title to them under or by reason of his bill of sale; and further declaring that the plaintiff was authorized to take possession of the machines and to hold and dispose of them as trustee in bankruptcy. From this decree the defendant Hodge appealed.

*P. J. Casey*, for the defendant Hodge.

*R. O. Harris & F. F. Haskell*, for the plaintiff. ·

HOLMES, C. J.   This is a bill by a trustee in bankruptcy to recover property alleged to belong to the bankrupt's estate.   The case was sent to a master, and exceptions were taken by the defendant Hodge to his report.   These were overruled, and no appeal was taken.   Afterwards the report was accepted and a decree was entered for the plaintiff.   From this final decree an appeal was taken.   The only question before us is whether the decree was warranted on the pleadings and report.

Both sides have argued the exceptions as if they were open, and therefore we think it proper to say that we see nothing in them.   The objection to the jurisdiction in equity that there was an adequate remedy at law, comes too late.   *Jones* v. *Keen,* 115 Mass. 170.   *Crocker* v. *Dillon,* 133 Mass. 91.   *Parker* v. *Nickerson,* 137 Mass. 487.   *Whiting* v. *Burkhardt,* 178 Mass. 535. That of multifariousness is not argued.   So far as objections are based on evidence it is enough to say that the master was not ordered by the court or asked by the parties to report it.   *Nichols* v. *Ela,* 124 Mass. 333, 335.   *Freeland* v. *Wright,* 154 Mass. 492. The objection to findings that express in a single word, such as "loan," "security," "delivery," a conclusion of law from facts, on the ground that the constituents should have been stated, would interdict an important part of the English language.   The function of such words often has been analyzed.   *Windram* v. *French,* 151 Mass. 547, 551.   *Commonwealth* v. *Clancy,* 154 Mass. 128, 132.   *Alton* v. *First National Bank of Webster,* 157 Mass. 341, 343.   Evans, Pleading, (1st ed.) 48, 139, 143–146, 164.   By stating the conclusion they allege by implication that facts exist which justify it.   If for any reason it is material to go further, rulings can be asked which will separate the pure facts.   Formerly the plaintiff's allegation of title was analyzed when necessary by giving color in pleading.   Evans, Pleading, 149–157. An exception to an alleged exclusion of evidence is not argued. It does not appear even that any such evidence was offered.

The only property concerned under the master's report is machinery found to have been transferred by a bill of sale to the defendant Hodge as security for advances.   The instrument seems not to have been recorded, and the master finds in terms

that there never was any delivery of possession. An exception taken to this finding is less frivolous than the others, since earlier in the report it is stated that after giving the security the bankrupt paid monthly rent for the use of it. We assume for the purposes of decision that the form of such a payment would have been evidence of a sufficient change of possession, *Moors* v. *Wyman*, 146 Mass. 60, 63, and there may be some ground for apprehending that the master adopted a different view. But we cannot say that the fact that the form of paying rent was gone through conclusively establishes the change. *Harlow* v. *Hall*, 132 Mass. 232. It should be mentioned, too, that a part of the machinery at least seems not to be the same as that covered by the mortgage.

Coming, then, to the question whether the report justifies the decree, it follows that Hodge has no title as against the plaintiff. St. 1883, c. 73. *Chick* v. *Nute*, 176 Mass. 57. *Bingham* v. *Jordan*, 1 Allen, 373. It is true that under the last bankrupt act it looked a little as if property situated like this might be at a loss for a master. For while this court denied it to the mortgagee the United States courts denied it to the assignee in bankruptcy. *Winsor* v. *McLellan*, 2 Story, 492. *Ex parte Dalby*, 1 Lowell, 431. *Coggeshall* v. *Potter*, Holmes, 75. *Stewart* v. *Platt*, 101 U. S. 731, 738, 739. The ground of the United States decisions was that the assignee is the bankrupt. Lowell, Bankruptcy, § 309. And no doubt it is traditional to regard such assignees as universal successors who like executors or other universal successors represent the person of him to whom they succeed. *Chipman* v. *Manufacturers' National Bank*, 156 Mass. 147, 149. *Phosphate Sewage Co.* v. *Molleson*, 5 Ct. of Sess. Cas. (4th Ser.) 1125, 1138. Nevertheless in *Bingham* v. *Jordan* the statute was held to invalidate the mortgage as against assignees in insolvency; and this amounted to a decision that a fictitious identity of person did not satisfy the words of our statute which make the mortgage void " against any person other than the parties thereto." The view taken by Judge Lowell was almost directly contradictory to this decision, which was that an assignee in insolvency was not a " party thereto."

The construction of a State statute is a matter upon which the decision of the State court is final. If the only ground on which the right of the assignee to property subject to an unrecorded

mortgage is that given by Judge Lowell, in Lowell, Bankruptcy, § 309, the answer is that the United States courts are not at liberty to say that an assignee is a party to a mortgage given by his bankrupt when this court has said that he is not.   But it seems to be unnecessary to discuss that question, because in _Ex parte Dalby_, 1 Lowell, 431, 433, it is admitted that there is a distinction when the assignee takes all that could have been taken on execution against the bankrupt at the time of the bankruptcy. Under the present statute the trustee takes " property which prior to the filing of the petition he [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him."   U. S. St. 1898, c. 541, § 70.   It is very plain that the machinery is such property. _Bingham_ v. _Jordan_, 1 Allen, 373, _Smith_ v. _Howard_, 173 Mass. 88, and therefore it passes to the plaintiff.

_Decree affirmed._