CHARLES T. TATMAN, trustee, *vs.* JOHN B. HUMPHREY.

Worcester. September 29, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Bankruptcy.*

Under the bankruptcy act of 1898, if the holder of an unrecorded chattel mortgage, made two years before the bankruptcy of the mortgagor when he was not insolvent, first takes possession of the mortgaged property three weeks before the filing of the petition in bankruptcy, the mortgagor then being insolvent and the mortgagee having reasonable cause to believe him insolvent, the transfer dates from the time of taking possession and is voidable as a preference.

TORT, by the trustee in bankruptcy of the estate of Nelson H. Davis of Worcester, for the value of the bankrupt's stock of jewelry alleged to have been converted by the defendant, who, having reasonable cause to believe that Davis was insolvent, took possession of the stock about three weeks before the filing by Davis of a voluntary petition in bankruptcy, claiming it under an unrecorded mortgage executed about two years earlier when Davis was not insolvent. Writ dated November 13, 1901.

In the Superior Court *Gaskill,* J. found *pro forma* for the defendant upon a statement of agreed facts, and, judgment having been entered upon the finding, the plaintiff appealed.

*C. T. Tatman, pro se.*

*W. H. Brown,* for the defendant.

KNOWLTON, C. J. The question in this case is whether the defendant's title under an unrecorded mortgage of personal property, made to him more than two years before the bankruptcy of the mortgagor, which covered the stock of goods and fixtures then owned by the mortgagor and such future additions as he should make thereto, and which was made to secure payment of certain notes and of future indebtedness, is good against the trustee in bankruptcy of the mortgagor. Under the R. L. c. 198,

§ 1, because of the failure to record the mortgage within fifteen days of the date written therein, and because the property had not been delivered to and retained by the mortgagee, the mortgage was not valid against any person other than the parties thereto. *Haskell* v. *Merrill,* 179 Mass. 120. About three weeks before the commencement of the proceedings in bankruptcy, the mortgagor then being insolvent and the defendant having reasonable cause to believe him insolvent, the defendant took possession of the property covered by the mortgage, by removing it from the mortgagor's store, and afterwards retained it. After taking possession he served a notice of his intention to foreclose the mortgage under the provisions of the Pub. Sts. c. 192, §§ 7, 9.

The defendant's acquisition of possession of the mortgaged property before the commencement of the proceedings in bankruptcy, and before third persons had acquired liens or rights by attachment or otherwise, gave him a title which was good at common law against creditors, and which would have been good against an assignee in insolvency under the statutes of this Commonwealth, or against an assignee in bankruptcy under the United States bankruptcy act of 1867. *Folsom* v. *Clemence,* 111 Mass. 273. *Chase* v. *Denny,* 130 Mass. 566. *Blanchard* v. *Cooke,* 144 Mass. 207. *Bennett* v. *Bailey,* 150 Mass. 257. *Bliss* v. *Crosier,* 159 Mass. 498. *Haskell* v. *Merrill,* 179 Mass. 120. *Gibson* v. *Warden,* 14 Wall. 244. *Sawyer* v. *Turpin,* 91 U. S. 114.

The question of difficulty in the case arises under the United States bankruptcy act of 1898, whose provisions in regard to preferences and acts of bankruptcy differ materially from those of the bankrupt act of 1867. In *Wilson* v. *Nelson,* 183 U. S. 191, (7 Am. B. R. 142,) the Supreme Court of the United States, in an elaborate opinion, discussed this difference, and pointed out its effect in cases similar to the present. In that case the bankrupt when solvent, nearly thirteen years before his bankruptcy, gave an irrevocable power of attorney to confess judgment for a debt which he then contracted, and this power was exercised by the creditor shortly before his bankruptcy.

Among the acts of bankruptcy mentioned in § 3 *a* of the act, one is defined as follows: having "suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or

final disposition of any property affected by such preference vacated or discharged such preference." In § 67 *f*, it is provided "that all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same," etc. In § 67 *c*, it is declared that "a lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt if it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference," etc. In view of these and other provisions of the act, it was decided, in the case just cited, that suffering and permitting the creditor to obtain a preference through legal proceedings was an act of bankruptcy by the express provisions of the statute, irrespective of any active intent of the debtor at that time, to hinder, delay or defraud his creditors, or to give a preference, and notwithstanding that the power of attorney to confess judgment was given many years before, and it was said that the preference could be avoided and the property recovered by the trustee. It was held that in determining the time of an alleged act of bankruptcy, it must be deemed to have occurred when something open and notorious was done affecting the debtor's estate. It is also said in the opinion that "the act of 1898 makes the result obtained by the creditor, and not the specific intent of the debtor, the essential fact."

Under another clause of the statute the same distinction is drawn between this and the former act in the case of *In re Klingaman,* 101 Fed. Rep. 691 (4 Am. B. R. 254) where it is said that "The intent of this section is to declare that, as against creditors of an insolvent, the limitation of time for invoking relief against a preference does not begin to run until in some

form they have received actual or constructive notice of the transfer to the preferred creditor; and this intent is reached by the declaration that in such cases the transfer constituting the act of bankruptcy shall be held to date from the time the instrument of transfer is recorded, or the possession is taken, or notice is otherwise brought home to the creditors of the bankrupt." The facts in this case were somewhat analogous in principle to those in the case at bar. Other federal decisions tend in the same direction. *White* v. *Bradley Timber Co.* 119 Fed. Rep. 989. *In re Metzger Toy & Novelty Co.* 114 Fed. Rep. 957. *In re Wright Lumber Co.* 114 Fed. Rep. 1011. *In re Sheridan,* 3 Am. B. R. 554.

Even though the proceedings by which the mortgagee obtained his lien, three weeks before the filing of the petition, were not proceedings in court, and not legal proceedings if the term is construed narrowly, they were proceedings to enforce his legal rights. If the present case is not covered by the decision in *Wilson* v. *Nelson, ubi supra,* the principles upon which the two cases rest are very similar.

In § 3 *a,* one of the acts of bankruptcy mentioned is having " transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors." In the same section under *b,* the time for filing a petition founded on such an act of bankruptcy is within four months after " the date of the recording or registering of the transfer or assignment . . . if by law such recording or registering is required or permitted, or, if it is not, from the date when the beneficiary takes notorious, exclusive, or continuous possession of the property unless the petitioning creditors have received actual notice of such transfer or assignment."

In view of these several provisions, and the language of §§ 60 *a* and 60 *b,* and the construction put upon the statute by the Supreme Court of the United States, we are of opinion that, in the case of a preference by way of an unrecorded chattel mortgage, the transfer dates, under the bankruptcy act of 1898 and the amendatory act of February 5, 1903, from the acquisition of possession under the mortgage.

In *Mathews* v. *Hardt,* 79 App. Div. (N. Y.) 570 (9 Am. B. R. 373) the appellate division of the Supreme Court of New York,

in a well considered opinion, made a decision which entirely covers the present case. The court held that the preference should be deemed to have been obtained at the time when possession was taken, though the taking of possession was merely to effectuate an agreement made in good faith and many months before the prohibited time for making the transfer. The case at bar certainly falls within the spirit and reason of the statute as interpreted in these decisions. The reason for the enactment as it is interpreted is well illustrated by the fact that the mortgagor in this case, less than four months before the proceedings in bankruptcy, made a statement to certain of his creditors and to commercial agencies, that there was no incumbrance on his stock or fixtures, a statement which was literally true if we look only to the state of the title as against creditors, but wickedly false in its understood meaning if the mortgagee, on the eve of the debtor's bankruptcy, could take all of the debtor's property and leave nothing for the other creditors who had trusted him because of his possessions.

*Judgment for the plaintiff.*