WALLACE GOODRICH *vs.* JOHN B. DORE, trustee.

Suffolk.    January 21, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Mortgage.   Pledge.   Bankruptcy.*

An unrecorded bill of sale of personal property intended as security for a loan can-
not be effective against third persons either as a mortgage or a pledge unless
the property is delivered to and retained by the mortgagee or pledgee.

Under R. L. c. 198, § 1, and the bankruptcy act of 1898 the holder of an unrecorded
bill of sale of personal property, which was given as security for a loan by one
who after its delivery became a bankrupt while still retaining possession of the
property, has no title as against the trustee in bankruptcy.

TORT for the alleged conversion of certain scientific instru-
ments by the trustee in bankruptcy of the Ziegler Apparatus
Company, a corporation, which were claimed by the plaintiff
under a bill of sale as security for the sum of $225 lent by him
to the corporation.    Writ in the Municipal Court of the City of
Boston dated March 26, 1906.

On appeal to the Superior Court the case was tried before
*Hardy,* J.   The loan from the plaintiff to the Ziegler Apparatus
Company was made on September 30, 1905, when a note of that
company of that date for $225 and the bill of sale were delivered
to the plaintiff.

The instruments described in the bill of sale were for a long
time before its delivery and at that time in show cases in the
company's store at 200 Summer Street in Boston.   One Ziegler,
who was the treasurer and the general manager of the corpora-
tion, on September 30 went back to the store and placed the
letter " G " on the tag on each of the instruments, with the in-
tention of representing thereby the plaintiff's name.   He agreed
to do this when the note was given.   Three or four days after-
wards the agent of the plaintiff came to the store and Ziegler
showed him where he had marked the letter " G " on the tags,
and the plaintiff's agent then said that he took possession of the
instruments for the plaintiff.   The agent reported this to the
plaintiff.   The bill of sale never was recorded in any public
record.   It was understood between the parties that if the note

was paid when due the instruments were not to be taken away, and the plaintiff would have no further claim upon them.

The plaintiff's agent testified that some time after September 30, 1905, he and the plaintiff went to the company's store and informed Ziegler that they had come to remove the security. Ziegler replied: " All right. Everything is here all ready for you to remove but I wish you would leave them here as they are as safe here as they would be if you removed them. I promise you I will take good care of them and deliver them to you at any time you may demand them. The reason I want them left in my possession is that they are fine instruments and I have not got duplicates. If I have them here it will help me in making sales. Mr. Goodrich will have no trouble in the matter." Thereupon the plaintiff left the instruments there.

Ziegler testified that he kept these instruments in two show cases in the company's store for a long time before and after September 30, 1905, until the defendant took possession of them as trustee in bankruptcy. He used one of the instruments for some electrical measurements, and used another several times for weighing platinum. In his opinion this use of the instruments would not affect their value in any way. The tags were removed from the instruments when he used them, as they were in the way; but he put the tags on again as soon as he finished using them and replaced the instruments in the same places as before in the show case. The tags were thereafter kept on the instruments and were on them when the bankruptcy proceedings began.

It was agreed that the Ziegler Apparatus Company made a common law assignment on October 17, 1905, and was adjudicated bankrupt on November 5, 1905; that the defendant was appointed trustee in bankruptcy on November 23, 1905, and received the instruments in question at that time; and that upon demand he refused to surrender them to the plaintiff.

The plaintiff asked the judge to make the following rulings:

1. If the jury find that the articles sued for were marked by Ziegler as the property of the plaintiff and were left with Ziegler to keep for the plaintiff until the note was paid, then the plaintiff is entitled to recover.

2. If it was the intention of the plaintiff and Ziegler that

Ziegler should retain the articles sued for, as the property of the plaintiff, and keep them for the plaintiff, then the plaintiff is entitled to recover, provided Ziegler did keep the articles until they were taken by the defendant as trustee in bankruptcy.

3. A slight use of some of the articles by Ziegler, which did not affect the value of them, would not deprive the plaintiff of his rights under his agreement with the Ziegler Company.

4. Upon all the evidence as a matter of law the agreement between the plaintiff and the Ziegler Company was not a mortgage.

5. The delivery of the bill of sale if so intended was a sufficient delivery of possession to the plaintiff.

The judge declined to make any of these rulings, and framed the following questions for the jury:

1. Was the conveyance of the property in this case a mortgage?

2. Was the property conveyed by the bill of sale delivered to and retained by the grantee, Goodrich?

3. What was the fair market value of the property described in the bill of sale at the time of the demand for the same by the plaintiff, Goodrich, upon the defendant?

At the close of the evidence the judge instructed the jury to answer "Yes" to question 1 and "No" to question 2, and submitted question 3 to them upon appropriate instructions as to the value of the goods. The judge ordered a verdict for the defendant upon the whole case; and the plaintiff alleged exceptions to the rulings of the judge and to his refusal of the rulings requested.

*W. R. Bigelow*, for the plaintiff.

*W. J. Drew*, (*J. B. Dore* with him,) for the defendant.

SHELDON, J. This case is governed by the decisions in *Moors* v. *Reading*, 167 Mass. 322, and *Hawes* v. *Weeden*, 180 Mass. 106. There was as much evidence of a delivery and as much retention of possession in those cases as in the case at bar. It is immaterial whether the plaintiff has the rights of a mortgagee or of a pledgee. If the former, the mortgage was invalid because it was not recorded and the property was not retained by him in conformity with the requirements of R. L. c. 198, § 1; if the latter, his failure to retain possession of the property was equally fatal

to him. He cannot claim the property against his debtor's trustee in bankruptcy. *Drury* v. *Moors,* 171 Mass. 252. *Haskell* v. *Merrill,* 179 Mass. 120.

*Exceptions overruled.*