## In re McDONALD.

(District Court, D. Massachusetts. November 18, 1908.)

### No. 13,494.

1. BANKRUPTCY (§ 184*)—LIENS—INVALIDITY FOR WANT OF RECORD.

Under Rev. Laws Mass. 1902, c. 198, § 1, which requires a chattel mortgage to be recorded at the place where the property is situated and also where the mortgagor resides, and provides that unless so recorded it shall be invalid "against a person other than the parties thereto," a mortgage not so recorded is invalid against the trustee in bankruptcy of the mortgagor by virtue of Bankr. Act July 1, 1898, c. 541, § 67a, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.*]

2. BANKRUPTCY (§ 184*)—LIENS—VALIDITY AS AGAINST TRUSTEE—EFFECT OF ESTOPPEL OF BANKRUPT.

The mortgagor in a chattel mortgage described himself as "of Boston," and, the property being there situated, the mortgage was recorded there only. The mortgagor subsequently became bankrupt, and the property was sold by the trustee, subject to the mortgagee's rights in the proceeds. In proceedings to establish his lien, the trustee offered proof showing that when the mortgage was given the mortgagor was a resident of Winthrop. By the state law the mortgage, not having been recorded at the place of the mortgagor's residence, was invalid "against a person other than the parties thereto." *Held*, that under Bankr. Act July 1, 1898, c. 541, §§ 67a, 70c, 30 Stat. 564, 566 (U. S. Comp. St. 1901, pp. 3449, 3452), which provide that "claims which for want of record * * * would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate" and that "the trustee may avoid any transfer by the bankrupt * * * which any creditor * * * might have avoided," the trustee was not estopped by the recital in the mortgage to show that the bankrupt was not a resident of Boston.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.*]

In Bankruptcy. On petition for review of order by the referee disallowing petition by the R. H. White Company to establish a lien upon proceeds of certain personal property.

Hutchins & Wheeler and Harry L. Sampson, for R. H. White Co.
Edward N. Goding, trustee, pro se.

DODGE, District Judge. The R. H. White Company, petitioner for review, lent the bankrupt $2,000 upon the security of a chattel mortgage given it by him, dated January 8, 1908, and covering the furniture, fixtures, wines, liquors, etc., in his place of business, which, as is stated in the mortgage, was at 19 Hawley street, in Boston. The mortgage described the bankrupt as "of Boston." It was recorded January 10, 1908, at the office of the city clerk of Boston. It was never recorded anywhere else.

On March 13, 1908, the bankrupt filed the voluntary petition upon which adjudication was ordered in these proceedings. In his petition he described himself as "of Winthrop," and represented that for the greater portion of the preceding six months he had had his principal place of business at Boston.

The property described in the mortgage remained at all times in the bankrupt's possession, and, having come into the possession of his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trustee, has been sold by order of court, at the trustee's instance, free of incumbrances. The R. H. White Company, which has never received any payment of or on account of its loan, claims $2,000 of the proceeds of sale by virtue of its mortgage; it having been agreed, when the order for sale was issued, that $2,000 of the proceeds should be subject to the mortgage lien, if the validity thereof as against the trustee should be established.

At the hearing upon its petition the R. H. White Company called as witnesses its treasurer and the bankrupt himself. From their uncontradicted evidence it appears that the bankrupt, having obtained the consent of the company to lend him the money upon a mortgage of the property, had the mortgage drawn, took it to the company's office, there executed it in the treasurer's presence, was told by the treasurer, upon seeing that it described him as "of Boston," that it must be recorded at the city hall, undertook to have it recorded there, did so, brought it again to the treasurer after such record had been made, and left it with the treasurer after receiving the $2,000 to be loaned him upon it. It further appeared without contradiction that the treasurer had no knowledge regarding the bankrupt's place of residence at the time, except from the recital in the mortgage, relied upon that recital, and did not find out until after the bankruptcy that there was any reason to suppose the recital not in accordance with the fact.

On cross-examination, the trustee asked the bankrupt where he did in fact live when the mortgage was given. Subject to the mortgagee's objection that he was estopped to deny that he lived in Boston, as the mortgage recited, or to show that he lived anywhere else, he answered that he was a resident of Winthrop at the time. The referee has so found; and that the fact was so, if proof of it is admissible against the mortgagee, there is no dispute. The referee has further found, and there is no attempt to dispute the finding, that the omission to record the mortgage at Winthrop, as well as at Boston, was not due to any want of good faith on either side. It must therefore be regarded as due to the fact that the mortgagor, overlooking or not knowing the necessity of a record at Winthrop if he lived there, and believing the recital that he was of Boston, where he did business, sufficiently accurate for the purposes of the mortgage, was silent as to his residence at Winthrop, and thus misled the mortgagee. That the mortgagee was misled, and by the representation of the mortgagor, as above, there seems to be no question.

The mortgage should have been recorded, if the mortgagor lived at Winthrop and had his principal place of business at Boston, on the records of both those municipalities, in order to comply with Rev. Laws Mass. c. 198, § 1. Not having been so recorded, and the property having meanwhile remained in the mortgagor's possession, it was invalid at the time of his bankruptcy "against a person other than the parties thereto," as the same section provides.

A chattel mortgage, under which no possession has been taken, and which is invalid, except as between the parties, for want of record such as the Massachusetts statute above cited requires, is invalid by the law of Massachusetts against the mortgagor's trustee in bankruptcy, appointed under the present bankruptcy act. Haskell v. Mer-

rill, 179 Mass. 120, 60 N. E. 485; Humphrey v. Tatman, 198 U. S. 91, 93, 25 Sup. Ct. 567, 49 L. Ed. 956; Goodrich v. Dore, 194 Mass. 493, 80 N. E. 480. If invalid against the trustee by the local law, it is invalid against him under the bankruptcy act as construed by the Supreme Court of the United States. Humphrey v. Tatman (above cited) 198 U. S. 92, 95, 25 Sup. Ct. 567, 568, 49 L. Ed. 956. The want of a proper record of the mortgage, therefore, if a fact properly in the case and unexplained, concludes the mortgagee and requires a decision in the trustee's favor. This the mortgagee does not dispute; but it contends that as against it the trustee is estopped, under the circumstances shown, to deny that the bankrupt lived in Boston when the mortgage was given, or to assert that he then lived in Winthrop. If this contention is sound, whatever might be the result if the trustee were not thus estopped, there is no insufficiency in the record of the mortgage which can appear as a fact in the case, and the mortgagee's claim to the property as against the trustee is under a mortgage not shown to be invalid by the local law.

That an assignee or trustee is bound by the representations and estoppels of the debtor is a recognized general principle in bankruptcy, or at least was so up to the time the present bankruptcy act (Act July 1, 1891, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), was passed. See Lowell, Bankruptcy, p. 228, § 313, and cases cited. Allen v. Whittemore, 8 Ben. 485, Fed. Cas. No. 241, one of the cases there cited, decided under Act March 2, 1867, c. 176, 14 Stat. 517, is in some respects similar in its facts to the present case. A bill of sale of personal property, conditional upon the payment by the grantee of notes which he had given in payment for the property, recited that he lived in Burlington, Vt.; and he had set himself up as of Burlington when he purchased the property. The mortgage was recorded in Burlington. After his bankruptcy, the last note remaining unpaid, the property or payment of the note was demanded from his assignee by one who held the note and the grantor's title. The assignee resisted the demand on the ground that the bankrupt really lived in Colchester when the bill of sale was given, that it had never been recorded in Colchester, that by Vermont law its conditions were void for want of record at his residence, and that the property, therefore, belonged to him absolutely at his bankruptcy. But it was held that the trustee was estopped to deny that the bankrupt resided where he had represented himself to be residing when the bill of sale was delivered.

In the present bankruptcy act, however, express provisions are found which must necessarily tend to restrict the application of the general principle referred to, under circumstances like those of this case. By sections 67a and 70e "claims which for want of record * * * would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate," and "the trustee may avoid any transfer by the bankrupt of the property, which any creditor of the bankrupt might have avoided." It is true that "creditors," in the sections quoted, does not necessarily include all creditors without distinction, and that when, as in York, etc., Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, the local law limits the

right to avoid a lien, valid between the parties, to such creditors only as have fastened upon the property by some specific lien while the want of record continues, and no creditor has taken any such step, the lien is valid against the trustee. But by the local law which governs the present case, if it was not recorded as that law required, the mortgage was invalid against all creditors not parties to it, without distinction. The plain language of the Massachusetts statute affords no ground for any distinction between creditors who have and creditors who have not "fastened upon" the property. Nor is there any recognition of such a distinction in the Massachusetts decisions which hold a mortgage not properly recorded invalid against a trustee in bankruptcy. According to the local law, therefore, the trustee, if allowed to prove the want of record, could have avoided this mortgage, for the reason that the lien it created would thereby have been proved invalid against the claims of the bankrupt's creditors in general.

The powers with which sections 67a and 70e vest the trustee are powers not given an assignee under the act of 1867. When, as in this case, the facts are otherwise such as to permit a trustee under the present act to exercise those powers, I do not think the general principle that he is bound by the bankrupt's representations and estoppels can be invoked to prevent their exercise. As between him and a creditor relying on the want of record and the mortgagee, the creditor would not be estopped merely by a representation which the bankrupt had made to the mortgagee. The creditor's rights depend, not upon recitals or representations of the mortgagor as to his residence, but upon the fact of such residence. Stewart v. Platt, 101 U. S. 731, 737, 25 L. Ed. 816. If a creditor would not be so estopped, neither is the trustee, in view of the language used in section 70e. The trustee is not a "party" to the mortgage, by the law of Massachusetts. Haskell v. Merrill, 179 Mass. 120, 125, 60 N. E. 485. Nor, where his powers under section 70e are concerned, can he be so regarded under the present bankruptcy act. See In re Shaw (D. C.) 146 Fed. 273, 278.

Section 70e, it is true, vests the trustee with "the title of the bankrupt"; and it is true, also, under the present act, for many purposes, that he "takes the property of the bankrupt, in cases unaffected by fraud, in the same plight and condition that the bankrupt himself held it; and subject to the equities impressed upon it in the hands of the bankrupt." Thompson v. Fairbanks, 196 U. S. 516, 526, 25 Sup. Ct. 306, 49 L. Ed. 577; York, etc., Co. v. Cassell, 201 U. S. 344, 352, 26 Sup. Ct. 481, 50 L. Ed. 782. But all this is always subject to the qualification expressly stated in Thompson v. Fairbanks, 196 U. S. 526, 25 Sup. Ct. 310, 49 L. Ed. 577, "except in cases where there has been a conveyance or incumbrance of the property which is void as against the trustee by some positive provision of the act." See, also, First National Bank v. Staake, 202 U. S. 141, 149, 26 Sup. Ct. 580, 50 L. Ed. 967.

It follows that the referee's order disallowing the mortgagee's petition must be approved and affirmed.