### In re HURLEY.

(District Court, D. Massachusetts. April 20, 1910.)

### No. 15,670.

1. BANKRUPTCY (§ 151*)—TRUSTEES—TITLE—TIME OF TAKING.

A trustee in bankruptcy, on having been appointed and qualified, acquires the right to possession of the bankrupt's property as of the date of adjudication, as provided by Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), so that the trustee takes the property in the same plight and condition that the bankrupt himself held it on the date of adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 151.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

2. BANKRUPTCY (§ 188*)—CHATTEL MORTGAGEE—POSSESSION.

Where a chattel mortgage given by a bankrupt covers after-acquired property, and the mortgagee takes possession before the mortgagor is adjudicated a bankrupt, the mortgagee is entitled to hold the after-acquired property both as against the bankrupt and his trustee under the law of Massachusetts.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 188.*]

3. BANKRUPTCY (§ 188*)—CHATTEL MORTGAGE—AFTER-ACQUIRED PROPERTY— VALIDITY—LOCAL LAW—"PARTY."

Where a chattel mortgage covering after-acquired property was invalid as to such property under the local law except between the parties, the mortgagor's trustee in bankruptcy could not be regarded as taking the place of the mortgagor in such a sense as to become a "party" to the mortgage, and hence, the mortgagee not having taken possession of the property prior to the mortgagor's adjudication. as a bankrupt, the trustee, though taking the property in the same plight and condition in which the bankrupt held it at the time of adjudication, did not take subject to any lien or equity in favor of the mortgagee as against such after-acquired property, it being property which might have been levied on and sold under judicial proceedings against the bankrupt at that time, as provided by Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 188.*

For other definitions, see Words and Phrases, vol. 6, pp. 5202–5213; vol. 8, p. 7747.]

In the matter of bankruptcy proceedings against William Hurley. On petition to review a referee's ruling that the trustee was entitled to certain property described in a petition brought by him to recover the same, and directing Louisa A. Marsh in possession to deliver the property to the trustee. Affirmed.

James E. Cotter, for Louisa A. Marsh.
Comins & Phillips, for trustee.

DODGE, District Judge. Louisa A. Marsh, who opposes the trustee's petition, held two mortgages upon the bankrupt's stock in trade and fixtures, the first dated April 10, 1903, the second dated September 27, 1909. Each mortgage purported to cover not only the bankrupt's present, but also his after-acquired, stock in trade and fixtures. On January 20, 1910, adjudication was ordered in this case upon the bankrupt's voluntary petition that day filed.

On January 24, 1910, four days after the bankruptcy, the mortgagee took possession for the first time of the property mortgaged, including that belonging to the bankrupt when the mortgages were given, and also that acquired by him afterward. There is no attempt to invalidate either mortgage as preferential or as fraudulent, and, except for the bankruptcy, the mortgagee's right to take possession is undisputed. The only question in dispute is as to her right to hold the after-acquired property against the trustee.

[1] The trustee was not appointed and qualified until February 23, 1910. Having been so appointed and qualified, he took possession of the bankrupt's property under section 70a of the bankruptcy act, as of the date whereon adjudication was ordered, which date in this

_____
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case is the same as that whereon the petition was filed. The bankrupt's property, therefore, passed to the trustee as it stood on January 20, 1910, four days before this mortgagee took possession. The trustee took it "in the same plight and condition that the bankrupt himself held it" on January 20, 1910, "and subject to all the equities impressed on it in the hands of the bankrupt." Thompson v. Fairbanks, 196 U. S. 516, 526, 25 Sup. Ct. 306, 310 (49 L. Ed. 577); York Co. v. Cassell, 201 U. S. 344, 352, 26 Sup. Ct. 481, 50 L. Ed. 782. The mortgagee contends that since the bankrupt himself held it on January 20, 1910, subject to her right to take possession of it, it passed to the trustee in the same plight and condition, and her right to acquire possession and hold it against the trustee was not terminated by the commencement of the bankruptcy proceedings, but continued until the trustee was appointed and qualified.

[2] If she had taken possession before the commencement of the bankruptcy proceedings, her right to hold the after-acquired property against the trustee would have been a question of Massachusetts law, and not a question depending solely upon the provisions of the present bankruptcy act. The Supreme Court of the United States has so held, and it has also held in the same decision that a mortgagee taking possession under such circumstances of after-acquired property covered by the mortgage is entitled under the law of Massachusetts to hold it against the trustee, and that there is nothing in the present bankruptcy act to alter the mortgagee's rights under Massachusetts law. Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956. In that decision the court relied on and adopted the following statement of the law of Massachusetts from the opinion in Tatman v. Humphrey, 184 Mass. 361, 362, 68 N. E. 844, 845, 63 L. R. A. 738, 100 Am. St. Rep. 562:

"The defendant's acquisition of possession of the mortgaged property before the commencement of the proceedings in bankruptcy, and, before third persons had acquired liens or rights by attachment or otherwise, gave him a title which was good at common law against creditors, and which would have been good against an assignee in insolvency under the statutes of this commonwealth, or against an assignee in bankruptcy under the United States bankruptcy act of 1867."

It is also said in Humphrey v. Tatman, 198 U. S. 93, 25 Sup. Ct. 567, 49 L. Ed. 956, to be clear under Haskell v. Merrill, 179 Mass. 120, 60 N. E. 485, and other Massachusetts decisions cited, that "taking possession after the qualification of the trustee would be too late." There is no express statement, however, in the opinion that taking possession at any earlier time would be too late, and upon this fact the mortgagee places some reliance.

[3] I am unable to believe that the property in question passed to the trustee as above, subject to any right in the mortgagee to acquire possession of it. The "plight and condition" in which it passed to him I must regard as the plight and condition of property in the bankrupt's possession and subject to no lien or equity whatever in favor of this mortgagee. On January 20, 1910, her mortgage was void so far as the trustee is concerned. The statutes of Massachusetts expressly made it void "against a person other than the parties

thereto." Under Massachusetts law identification of the trustee with the bankrupt cannot be carried so far as to make him a "party" to the mortgage. The decisions above cited have expressly so declared. See, also, Re McDonald (D. C.) 173 Fed. 99. In Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577, and York Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, the conditional bill of sale or mortgage relied on against the trustee was not, as this mortgage is, void except between the parties under the local law. Re Chantler Cloak & Suit Co. (D. C.) 151 Fed. 952, was a case involving the law of Rhode Island. Because the law of Massachusetts allowed no validity to the mortgage as against the trustee, when his title vested on January 20, 1910, the after-acquired property fell on that date within the description in section 70a of the property to which he became entitled. It was property which might as matters stood on that date have been levied upon and sold under judicial proceedings against the bankrupt. That the mortgagee might have made her mortgage valid instead of void against the trustee had she taken possession before January 20, 1910, can make no difference; nor the fact that her mortgage might have been valid against the trustee independently of her possession, according to the laws of some other states.

In view of the express provision in section 70a that the trustee's title is to relate back and vest as of the date of adjudication, I must regard the mortgagee's right to take possession as having expired on that date. I cannot consider the remark above quoted from Humphrey v. Tatman, that possession taken "after the qualification of the trustee" would be too late, as intended to determine the precise construction of those provisions in the present bankruptcy act which bear upon the question, any more than the words "before the commencement of the proceedings in bankruptcy" which occur in the quotation above made from the Massachusetts decision in Tatman v. Humphrey, 184 Mass. 361, 68 N. E. 844, 63 L. R. A. 738, 100 Am. St. Rep. 562. Whether the mortgagee's right to take possession might in any case survive the commencement of the proceedings so as to be lawfully exercised before the adjudication is a question which does not arise in this case.

The ruling of the referee is approved and affirmed.