## CALDER, TRUSTEE, v. BLISS AUTO SALES CO.

*Chattel mortgages—Repossession of property by mortgagee not conversion, when—Rights of repossessing mortgagee, subsequent creditors and trustee in bankruptcy—Application of proceeds to claims secured and not secured by mortgage.*

1. Where promissory notes, given by the purchaser of several automobiles and secured by chattel mortgages on such automobiles, are assigned to a bank, but with an agreement that if it becomes necessary to repossess any of the automobiles the mortgagee will do that, the repossessing of such automobiles by the mortgagee upon breach of the conditions of the mortgage is not wrongful and does not constitute a conversion of the property.

2. A chattel mortgage not properly filed is good as between the mortgagor and mortgagee, and where possession is taken by the mortgagee before the rights of other creditors attach, the mortgage affords security against such subsequent claims.

3. The repossessing of such mortgaged property by the mortgagee creates no preference in favor of the mortgagee, and a trustee in bankruptcy, appointed in bankruptcy proceedings begun against the mortgagor within four months after such seizure of the mortgaged property, has no claim upon such property or its proceeds as against the claims of the mortgagee.

4. Where a creditor has separate claims against a debtor, one or more of which are secured by mortgage and the others are not, upon a sale of the mortgaged property, in the absence of any agreement to the contrary, the creditor may apply the excess received from such sale to the payment of the unsecured indebtedness without being guilty of conversion of the proceeds of the sale.

(Decided June 19, 1922.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Fritsche, Kruse & Winchester,* for plaintiff in error.

*Messrs. Ritter & Hutchens,* for defendant in error.

CHITTENDEN, J. Plaintiff in error was plaintiff in the Court of Common Pleas. In his petition he set forth eight causes of action, the last of which was dismissed during the trial. Each of the remaining seven causes of action alleged, in substance, that on August 15, 1919, the Berkey Farmers' Dairy Products Company was the owner of an automobile truck, which was described therein, and that on that date the defendant took possession of such automobile truck, sold the same, and converted the proceeds to its own use. Plaintiff prayed for a judgment for the aggregate amount of the proceeds so converted, being about $6,625.

By its amended answer the defendant, after admitting the bankruptcy of the Berkey Farmers' Dairy Product Company, that plaintiff is the duly qualified and acting trustee, and the corporate capacity of the defendant, denied each and every other allegation in the petition contained. The answer then proceeded to set up a separate defense to the several causes of action set forth in the petition. This defense in substance is that at different dates from February, 1919, to June, 1919, the defendant sold to the Berkey Farmers' Dairy Products Company certain automobile trucks, for which, in each instance, the buyer executed its promissory note payable in installments at specified times, that to secure the payment of such notes chattel mortgages were in each instance executed to the defendant, and that these mortgages were

duly filed in the office of the recorder of Lucas county.

After the execution of the notes and mortgages, the defendant discounted these notes with the Ohio Savings Bank & Trust Company, which appears to have been the owner of the notes at the time the property was seized by the defendant. The defendant took possession of the mortgaged property, as alleged, on August 15, 1919.

It is claimed on behalf of the plaintiff that the defendant had no right or authority to take possession of the automobiles; that such possession might have been taken only by the bank. The purchaser was largely in default for deferred payments, and the evidence discloses clearly that at the time the notes were discounted it was agreed between the defendant and the bank that if the maker of the notes was in default for thirty days the defendant would be required to take up the notes; and further, that if it became necessary to repossess any of the cars the Bliss Auto Sales Company would do that—that the bank would not undertake to recover the cars, that the defendant was to attend to that. The evidence discloses that the defendant gave the purchaser of the automobiles extensions of time to enable it to effect some reorganization, so that the payments might be made, and that when the purchaser found it was unable to do this it gave its consent to the defendant to · take possession of the cars, which defendant accordingly did.

In addition to the foregoing facts, it may be noted that the mortgage itself provided that the Bliss Auto Sales Company might take possession of the property if it at any time deemed the step

necessary for more perfect and complete security, and that the mortgage gave that company the power to sell the property at public or private sale, without notice. The Bliss Auto Sales Company was liable to the bank as endorser of the notes and thus was directly interested in the mortgage securities. We therefore hold that the seizure of the property by the defendant was lawful.

After the taking possession of the mortgaged property on August 15, to-wit, on August 19, a petition in bankruptcy was filed against the Berkey Farmers' Dairy Products Company, which was thereafter adjudicated a bankrupt. The alleged conversion therefore occurred before the filing of the petition in bankruptcy, and some considerable time before the adjudication of bankruptcy in the federal court.

It is said that one mortgage was defectively filed, and that as to this car the plaintiff clearly has the right of recovery. If we assume the defect, as alleged, the conclusion claimed by the plaintiff does not necessarily follow. As between the mortgagor and mortgagee the mortgage is good even though defective in its execution or filing, and it has been held that where possession is taken by the mortgagee before the rights of creditors attach the mortgage affords security against such subsequent claims. *Brown* v. *Webb,* 20 Ohio, 389; *Minnick* v. *Dettelbach,* 17 C. C. (N. S.), 271; *Francisco* v. *Ryan,* 54 Ohio St., 307, and *Boyer* v. *Knowlton Company,* 85 Ohio St., 104.

It follows that the taking possession of such car was not wrongful and was not a conversion of the property.

All the mortgages involved in this action being

valid against the creditors of the dairy company, especially after the date of the seizure of such property by the mortgagee, no preference was created in favor of the mortgagee by such seizure, and the trustee in bankruptcy has no interest in such property or its proceeds as against the claim of the mortgagee, although the petition in bankruptcy was filed within four months after such seizure. The law applicable to such a situation has been definitely determined in the federal courts. *Humphrey* v. *Tatman,* 198 U. S., 91; *In re East End Mantel & Tile Co.,* 202 Fed., 275; *In re Hurley,* 185 Fed., 851.

It appears that in some instances a mortgaged car when sold by the defendant brought less than the amount remaining unpaid upon the car, that in other instances the car sold for more than the amount secured by the mortgage upon the car, and that the aggregate amount of the sales of the mortgaged property did not exceed the aggregate amount due the defendant upon the mortgaged property. Plaintiff, however, insists that in those instances where the car sold for more than the amount remaining due upon the mortgage, the trustee in bankruptcy is entitled to the excess, and that the defendant was guilty of conversion of such excess by applying it in payment of amounts due to it from the purchaser upon other cars. Where a creditor has separate claims against a debtor, one or more of which is secured by mortgage or collateral security, and the others not, upon the sale of the mortgaged property or collateral security, in the absence of an agreement to the contrary, he may apply the excess received from such sale to the payment of the unsecured

indebtedness without being guilty of conversion of the proceeds of the sale. This principle has been recognized in the federal courts in *In re Searles*, 200 Fed., 893.

We find no prejudicial error manifest in the record, and hold that the conclusions of the trial court were correct.

*Judgment affirmed.*

RICHARDS and KINKADE, JJ., concur.