## NORTON *v.* J. T. FARGASON COMPANY.

### Opinion delivered November 17, 1924.

1. MORTGAGES—TRANSFER OF RENT NOTE TO MORTGAGEE.—The effect of an insolvent mortgagor transferring the rent note of the mortgaged property to the mortgagee is tantamount to placing the mortgagee in possession thereof.

2. BANKRUPTCY—UNLAWFUL PREFERENCE.—Placing a mortgagee in possession of the mortgaged property after maturity of the debt secured does not, in the case of an insolvent mortgagor, constitute an unlawful preference, within the bankruptcy act, § 60b.

Appeal from St. Francis Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*C. W. Norton,* for appellant.

The action was brought under § 60b of the bankruptcy act of 1910. The essentials of the cause of action are a transfer by the debtor, while insolvent, and within four months before the filing of the petition, and reasonable cause upon the part of the transferee to believe that the enforcement of the transfer will effect a preference to him. It is sufficient that the transfer will

in fact amount to a preference, and that the creditor had
reasonable cause to believe that such would be its effect,
and had reasonable cause to believe that the debtor was
then insolvent. Black on Bankruptcy, §§ 596, 597, 599.

*Wilson, Gates & Armstrong,* and *Mann & Mann,* for
appellee.

The burden is upon the trustee to prove the elements
of a voidable preference. 3 R. C. L. 285; 7 C. J. 150;
208 Fed. 97; 211 Fed. 638; 165 Fed. 166; 21 L. R. A. (N.
S.) 960; 282 Fed. 476. Appellee received no more by
the transfer of the rent note than he could have possessed
himself of by the enforcement of his legal right to fore-
close. He forbore to assert this right in consideration
of the transfer to him of the rent note, and thereafter was
simply in the position of a mortgagee in possession under
his mortgage, who would be entitled to receive the rents
whether bankruptcy did or did not ensue. To constitute
a preference, it must be shown that the transfer resulted
in a depletion of the estate that would have gone to
creditors but for the transfer. 284 Fed. 936; 196 U. S.
502; 239 U. S. 269; 116 Fed. 276. A payment on a
secured debt, where the property is more valuable than
the debt, does not result in a voidable preference. 7 C. J.
163-166; 6 R. C. L. 659; 168 Fed. 998; 219 Fed. 397. A
voluntary payment of a lien on property is not con-
sidered a preference. 288 Fed. 1004. A mortgagee,
upon default in payment of his indebtedness, is entitled
to both possession of the property and the rents, to be
applied on his indebtedness. A suit for possession of
the property may even be maintained. 30 Ark. 520;
157 Ark. 525. See also 49 Ark. 508; 53 Ark. 545; 97
Ark. 397; 119 Ark. 543. Bankruptcy courts have held
that the possession of a mortgagee will not be disturbed
if he had the right to possession under the State law.
185 Fed. 851; 198 U. S. 91; 49 L. ed. 596. The for-
bearance to sue and foreclose the first and second mort-
gages was ample consideration for the transfer of the
rent note. 7 C. J. 166; 253 Fed. 718; 6 R. C. L. 659.
The appellant failed to prove insolvency, and made no

attempt to show the assets of Winter at the time the transfer of the note was made.    3 R. C. L. 273; 7 C. J. 150; 156 Fed. 168.    Proof of a judgment obtained and that other suits might be filed is not proof of insolvency. 142 Cal. 529; 76 Pac. 243.    Proof of inability to pay debts does not even tend to show insolvency, as that is not the character of proof contemplated by the bankruptcy act. 113 Fed. 545.    The proof is insufficient to show that appellee had reasonable cause to believe that the enforcement of the transfer of the rent note would effect a preference. and would give it a greater percentage of its debt than received by other creditors of the same class. 97 U. S. 80, 24 L. ed. 971; 83 Ark. 324; 225 Fed. 234; 285 Fed. 183; 272 Fed. 11.

HUMPHREYS, J.    Appellant brought suit in the chancery court of St. Francis County against appellee to set aside the execution of a written note for rent for the year 1921, on lands owned by Dr. W. A. Winter, as a voidable preference under § 60b of the Bankruptcy Act, as amended in 1910.    The note was signed by Davenport Brothers, who had leased lands from the owner, Dr. W. A. Winter, and made payable to J. T. Fargason Company, on a written request of Dr. Winter.

It was alleged in the bill that on March 7, 1921, the date the note was executed, Dr. W. A. Winter was insolvent; that it was executed within four months of the date of the filing of Dr. Winter's petition in bankruptcy; that the payee in the note was thereby enabled to obtain a greater per cent. of his debt than Dr. Winter's other creditors of the same class; and that said company had reasonable cause to believe the execution and acceptance of the rent note would result in a preference in its behalf.

Appellee filed an answer denying the allegations of the bill.

The cause was submitted upon the pleadings and testimony introduced by the respective parties responsive to the issues, which resulted in a dismissal of the bill for the want of equity, from which is this appeal.

.After a careful reading of the testimony we have concluded that .the preponderance thereof reflects. that W. A. Winter was insolvent at the time he directed his lessee, Davenport Brothers, to execute the note to J. T. Fargason Company, covering the rents on his lands for the year 1921, and that said company had knowledge of sufficient facts to put it upon notice as to the financial condition of Dr. W. A. Winter at the time the note was executed.

Having reached this conclusion, the only remaining question to be determined is whether the transfer of the unmatured rents on the lands to J. T. Fargason Company, to be applied as part payment on valid mortgages upon the lands, constituted a preference under the bankruptcy act. The record reflects that Dr. W. A. Winter had executed two mortgages upon the lands, one to Mrs. S. A. Patrick for approximately $10,000, and one to J. T. Fargason Company for $11,032.45, which were subject to foreclosure when the rent note was executed. Both mortgages were about to be foreclosed when Davenport Brothers, the lessee of the lands, prevailed upon Dr. W. A. Winter to allow them to execute a rent note to J. T. Fargason Company, due the following fall, covering the rents on the lands for 1921, to be applied, when collected, as payments upon said mortgages, and thereby prevent a foreclosure.

The effect of executing the note to J. T. Fargason Company was to transfer the rents to it to be applied upon the mortgage indebtedness, and was tantamount to placing the mortgagee in possession of the mortgaged lands. The mortgagee has a right to the possession of the mortgaged property when default is made in the payment of the mortgage indebtedness, and, in this State, may maintain an action for the possession thereof. *Reynolds* v. *C. & B. Co.,* 30 Ark. 520; *Logan* v. *Bridge Co.,* 157 Ark. 525. It is also the law of this State that the mortgagee in possession is chargeable with the rents on the mortgaged property, and is required to credit them on the mortgage indebtedness. *Green* v. *Maddox,* 97

Ark. 397; *Brickey* v. *Carter,* 119 Ark. 543. As we understand the bankruptcy act, it in no wise interferes with or alters the status of the mortgagee under the State laws where the mortgaged property is situated. *In re Hurley,* 185 Fed. 851; *Humphrey* v. *Tatum,* 198 U. S. 91.

Appropriation of unmatured rents on mortgaged property to the payment of the secured indebtedness by the mortgagee in possession could not diminish the estate of the bankrupt to which the general creditors are entitled. The trustee in bankruptcy, by proper proceedings, could sell the mortgaged property belonging to the bankrupt, subject to the mortgage indebtedness, and subject the equity therein to payment of the claims of general creditors, but the equity therein is all he could reach as against a mortgagee in possession. In the instant case the mortgagee was in constructive possession of the mortgaged property, and entitled to appropriate the rents to the payment of his mortgage indebtedness, at the time the petition in bankruptcy was filed. We do not think therefore that the transfer of the rents to the mortgagee, in the manner adopted, constituted a preference within the meaning of the bankruptcy act.

The decree is affirmed.